[Criminal No. 427.    Filed November 8, 1917.]

[168 Pac. 641.]

In the Matter of the Petition of JOHN C. ADAMS for a Writ of Prohibition. J. C. ADAMS, Petitioner, v. R. C. STANFORD, Judge of the Superior Court of Arizona in and for the County of Maricopa, Respondent.

1. CRIMINAL LAW—JUSTICES OF THE PEACE—JURISDICTION—DISORDERLY HOUSE.—Justice courts have jurisdiction over the offense of keeping a disorderly house contrary to Penal Code of 1913, section 317, under Constitution, article 6, section 9, Civil Code of 1913, paragraphs 382, 385, 1278, 1281, and Penal Code of 1913, sections 19, 1308.

2. CRIMINAL LAW — CRIMINAL JURISDICTION OF SUPERIOR COURT. — The superior court has jurisdiction over the offense of keeping a disorderly house, contrary to Penal Code of 1913, section 317, and to

every other misdemeanor prosecuted by indictment or information, under section 898, so providing, and Civil Code of 1913, page 338, defining jurisdiction of such court.

3. COURTS—JURISDICTION OF SUPERIOR COURT—CONSTITUTIONAL PROVISIONS.—Under Constitution, article 6, section 6, providing original jurisdiction in the superior court of all matters not vested exclusively in some other court, jurisdiction is not taken away by statute declaring that some other court shall have jurisdiction, unless the statute declares exclusive jurisdiction.

PETITION for Writ of Prohibition. Writ denied.

Mr. Eugene S. Ives and Mr. Richard E. Sloan, for Petitioner.

Mr. Wiley E. Jones, Attorney General, Mr. G. W. Harben and Mr. R. Wm. Kramer, Assistant Attorneys General, Mr. Clyde M. Gandy, County Attorney, and Mr. G. S. Cunningham, Assistant County Attorney, for Respondent.

CUNNINGHAM, J.—The county attorney of Maricopa county filed an information in the superior court of said county, charging the petitioner with the commission of a misdemeanor, viz., with the offense of keeping a disorderly house contrary to paragraph 317 of the Penal Code of Arizona of 1913. The defendant demurred to the jurisdiction of the court, alleging that, in and by virtue of paragraphs 19 and 1308 of the Penal Code of Arizona of 1913 justices' courts have jurisdiction over the offenses charged in said information, and that the superior court of Maricopa county has no jurisdiction whatever of said offenses. The petition sets forth that said court overruled said demurrers to the jurisdiction, and has announced its intention of proceeding to the trial of said information. The petitioner sets forth matters which he alleges will result in irreparable damage to himself and to others from a trial of said information in said court, for the recovery of which petitioner has no adequate remedy. The prayer is that this court issue its writ of prohibition directed against respondent, requiring the respondent to desist from taking any action whatever with respect to the said information.

The allegation presents two distinct propositions: First, the proposition that the justices' courts have jurisdiction over the offense denounced by paragraph 317 and charged in the

information: second, that the superior courts have not jurisdiction over such offense.

That the justices' courts have jurisdiction, affirmatively conferred upon them, over the offense denounced as a misdemeanor by paragraph 317 of the Penal Code of 1913 is without question. Paragraphs 19 and 1308 of the Penal Code of Arizona of 1913; paragraphs 382, 1278, 385, and 1281 of the Civil Code of Arizona of 1913; section 9, article 6, State Constitution.

The second proposition presents more difficulties. The petitioner argues, in his brief submitted with the said petition, that since section 6 of article 6 of the state Constitution provides that the superior courts shall have original jurisdiction, among other cases, "in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law," and that jurisdiction over misdemeanors punishable by both fine and imprisonment has been conferred on justices' courts, such cases so punishable are otherwise provided for by law, and, as a consequence, the superior court has not jurisdiction over them, relying upon paragraph 338 of the Civil Code of Arizona of 1913. Paragraph 338 of the Civil Code of Arizona of 1913, following the declaration of paragraph 337 that "the jurisdiction of the superior courts shall be of two kinds: (1) Original. (2) Appellate"—proceeds to define the first kind of jurisdiction, with regard to criminal cases, as follows:

"The original jurisdiction of the superior courts shall extend . . . to all criminal cases amounting to a felony; provided that the superior courts shall have concurrent jurisdiction with the justice courts . . . of misdemeanors where the penalty does not exceed a fine of three hundred dollars or imprisonment for six months."

The construction the petitioner places upon this language in the light of the constitutional provision, *supra,* is to limit the jurisdiction of the superior courts in misdemeanor cases to such cases only as are punishable by a fine not exceeding $300, or imprisonment not more than six months; and that such jurisdiction is concurrent with the justices' courts, or, in other words, that the justices' courts have exclusive jurisdiction over all misdemeanor cases other than misdemeanors punishable as aforesaid over which the superior courts have concurrent jurisdiction. If such strict construction for which

petitioner contends is placed upon paragraph 338, one result is that the superior court has concurrent jurisdiction with the justice court over simple assaults and simple batteries and misdemeanors only when the penalty does not exceed $300 or imprisonment not more than six months.

Another result is to cause paragraph 898 of the Penal Code of 1913 to become in an essential part meaningless. Said paragraph 898 provides:

"Every felony and every misdemeanor over which the superior court has original jurisdiction, must be prosecuted by indictment or information, and every misdemeanor may be prosecuted by indictment or information."

Paragraph 899, Id., provides:

"The preceding section does not apply: . . . (3) When offenses are tried in justice's, recorder's or police courts."

If every misdemeanor may be prosecuted by indictment or information, and prosecutions by indictment or information may not be carried on in justices' courts, then, to a certainty, such prosecutions of misdemeanors by information must necessarily be carried on in superior courts. From this proposition there is no escape. Therefore, superior courts have jurisdiction over every misdemeanor when the same is prosecuted by indictment or information presented to such court.

The statutes (paragraphs 385 and 1281, Civil Code 1913, and paragraph 1308 [3] Penal Code 1913) that declare the jurisdiction of justices of the peace, or justices' courts over misdemeanors, limit such jurisdiction to such misdemeanors when the penalty does not exceed a fine in the sum of $300, or imprisonment in the county jail for six months, or both such fine and imprisonment. Nowhere in the statutes has the legislature vested jurisdiction exclusively in the justices' courts over misdemeanors so punishable.

The superior courts have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court. Section 6, art. 6, State Constitution. The jurisdiction so declared to reside in the superior courts is not taken away from such courts by a statute declaring that some other court shall have jurisdiction over such cases, unless the statute declares and vests jurisdiction exclusively in such other court, which our statutes have not done with regard to the matter here involved.

The facts set forth in the petition are insufficient to show

that the respondent has or threatens to invade any right of petitioner, but, on the other hand, the acts performed and threatened are such in their nature as respondent is legally required to perform in exercising the functions of the court.

Therefore, I am of the opinion that the prayer must be denied and the petition dismissed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.