242 P.2d 840

**STATE v. BENNETT.**

No. 1014.

Supreme Court of Arizona

April 7, 1952.

Fred O. Wilson, Atty. Gen., Earl Anderson, Asst. Atty. Gen., for appellant.

James E. Flynn, Phoenix, for appellee.

PHELPS, Justice.

Defendant-appellee was charged by direct information filed in the superior court of Maricopa County consisting of two counts, the first of which alleged that defendant had violated the provisions of section 50–1306, A.C.A. 1939, and the second a violation of section 50–1304 thereof.

8

These sections are a part of an act passed by the legislature in 1943 entitled:

"An act relating to pure food; prescribing the conditions under which horses may be slaughtered and horsemeat and the products thereof sold for human consumption; making an appropriation, and declaring an emergency."

Section 50–1304, supra, upon which Count II is based in so far as here material, reads:

"(a) The slaughtering of horses and the preparation and processing of horsemeat and products thereof shall be conducted in a house or establishment separate from any house or establishment in which cattle, sheep, swine, or goats are slaughtered or prepared, or any meat or meat food products thereof are prepared or handled, and shall at all times, whether in operation or not, be subject to and accessible for inspection by inspectors of the live stock sanitary board, for the purpose of ascertaining the sanitary condition thereof."

No appeal was taken from the ruling of the court finding the defendant not guilty on Count I of the information, consequently we are not here concerned with the provisions of section 50–1306, supra.

A violation of the act is made a misdemeanor. A motion was made on behalf of the defendant to quash the information on the grounds (a) that neither count stated a public offense; (b) that the allegations therein were vague, indefinite and ambiguous; and (c) that article 13, chapter 50 of which sections 50–1304 and 50–1306 are a part is unconstitutional and void in that they and each of them were in direct violation of the guaranties and provisions of the Arizona State Constitution and the Constitution of the United State of America; and (e) that the information was filed contrary to the provisions of section 44–504, A.C.A. 1939. The motion was denied and the cause went to trial by stipulation before the Honorable Francis Donofrio sitting without a jury.

Upon conclusion of the hearing the cause was submitted on briefs and thereafter the court being fully advised in the premises, rendered a judgment of not guilty on the first count and of guilty on the second count. Thereupon a motion for new trial was filed by defendant based upon a number of grounds not necessary to relate here.

After hearing arguments of counsel in the matter the court granted the motion for a new trial and also granted defendant's motion to quash Count II of the information. The state appeals from the order quashing Count II of the information and the judgment entered thereon.

By reason of the failure of the state to bring to this court the transcript of the evidence in the case we are precluded from considering the order of the trial court granting defendant's motion for

a new trial for the reason that it is based in part on the insufficiency of the evidence to support a finding of guilty and there is nothing in the record to indicate upon what ground the court granted such motion. We will confine our consideration therefore to the order of the trial court in granting defendant's motion to quash.

■ Again, as in the motion for a new trial, the court failed to state upon what ground the motion to quash was granted. There is no rule of court at this time requiring that trial courts state the ground upon which they grant motions of this character but in fairness to parties litigant and to this court, trial courts should state the specific grounds upon which such motion is granted for the reason that it would frequently save the appellate court hours of labor and research.

■ We will not adhere strictly to the assignments of error presented by the state but rather discuss the questions raised by referring to the grounds upon which the motion to quash was presented to the trial court. We will first dispose of the constitutional question raised, based upon the ground that the law is "in direct violation of the guaranties and provisions of the Arizona State Constitution and the Constitution of the United States of America". The ground stated is so vague, indefinite and uncertain that it is undeserving of any consideration by this court. Inasmuch, however, as counsel for defendant has stated in his brief that he had

in mind article 4, part 2, section 13 of the Arizona Constitution relating to "Title" we will observe in passing that it is our view that the title is entirely adequate to cover every provision of the act and that it relates to but one subject matter. Dennis v. Jordan, 71 Ariz. 430, 229 P.2d 692, and State v. Davey, 27 Ariz. 254, 232 P. 884, cited by appellant are directly in point.

■ Grounds 1 and 2 of the motion to quash must be considered as identical. In No. 1 it is claimed Count II does not state an offense and in No. 2 that it does not state a public offense. There can be no offense committed against the state other than a public offense.

■ The act which we here hold to be constitutional clearly denounces the offense charged and the language employed by the prosecuting attorney adequately conforms with all the provisions of state statutes prescribing the requisite contents of indictments and informations. The language used is so concise and clear that it is difficult to understand in what manner either the defendant or the court could claim to be not fully apprised of the nature of the offense charged in the information.

■ Ground No. 5 in the motion to quash contending that "Counts I and II (of the information) were filed contrary to the provisions of section 44–504, A.C.A. 1939" is without merit for the reason that this section applies only to offenses com-

monly designated as felonies to which reference is made in the preceding section, 44-503, providing that:

"No information may be filed against any person for any offense which may be punished by death or imprisonment in the penitentiary until such person shall have had or waived a preliminary examination. * * *"

The identical question presented under this assignment has been decided by this court adversely to appellee's contention in language so clear that a further discussion of the question would be superfluous. See In re Adams 19 Ariz. 237, 168 P. 641; Loveland v. State, 53 Ariz, 131, 86 P.2d 942.

Judgment reversed and remanded for further proceedings in accordance with the views herein expressed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.