563 P.2d 295

**The STATE of Arizona, Appellant,**

v.

**Raul LOPEZ, Appellee.**

**No. 2 CA–CR 911.**

Court of Appeals of Arizona,
Division 2.

Dec. 28, 1976.

Rehearing Denied Feb. 28, 1977.

Review Denied April 12, 1977.

Bruce E. Babbitt, Atty. Gen. by Heather Sigworth, Asst. Atty. Gen., Tucson, for appellant.

Bolding, Oseran & Zavala by Richard Oseran, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

This is an appeal by the state from an order granting a motion to suppress. The facts show that on June 13, 1975, Ernest Garcia, an officer with the Department of Public Safety, came in contact with an informant who brought to Officer Garcia's attention the possibility that a residence near Nogales, Arizona was being used in connection with the transportation of marijuana. The informant had been stopped for speeding en route to Nogales. The officer who made the stop noticed the smell of marijuana coming from the trunk of the automobile. A subsequent search revealed marijuana residue in the trunk. The car turned out to be a rented automobile which the informant obtained in Tucson after delivering to unnamed persons an automobile which he had picked up at the suspect Nogales residence and driven to Tucson.

The informant also told Officer Garcia that the persons who took him to the Nogales residence where he picked up the Tucson-bound vehicle told him that they were involved in narcotics.

As a result of the informant's tip, a surveillance of the residence was established. Garcia ran a registration check on a red Volkswagen which he observed at the residence and learned that the license plates on the Volkswagen belonged on a 1972 Chrysler sedan.

A Detective Stuchen and a Deputy Pina helped conduct the surveillance. The residence in question is located behind a home occupied by the owners of the property. On June 13, 1975, Officer Pina went to the front house and talked to the owners in order to ascertain the name of the occupant of the rear house. He was informed that the house was rented to the appellee who was then traveling in Mexico. Officer Pina walked from the owner's house to the rear of the rented house. The rented house has shrubbery in front but is not fenced in. It has an attached carport, enclosed on three sides, and its rear yard extends 100' to 150' to the Santa Cruz riverbed. In order to drive into the carport the rear residence must be approached from the Santa Cruz riverbed side since the carport opening faces the riverbed. There is a cement driveway leading to the carport. In the rear of the rented house Pina detected the odor of marijuana when he neared the carport. He did not, however, enter the carport.

On June 16, 1975 at about 11:55 p.m., Officer Stuchen went into the carport and tried to get into a storage room located in the carport. At that time he observed marijuana residue in the carport and ties for plastic bags which he knew were used for wrapping a marijuana brick. On the same date Garcia received a call from the informant who stated he had been paid $900 that day for taking the vehicle to Tucson.

The foregoing information was recited in an affidavit for a search warrant which was sworn to by Garcia. The search warrant was issued and a subsequent search of the premises pursuant to the warrant disclosed the presence of marijuana.

Appellee moved to suppress the evidence discovered as a result of the search warrant on the grounds that the search was the result of a prior illegal warrantless search. The trial court granted the motion to suppress.

■ Since the evidence was seized pursuant to a search warrant valid on its face, appellee was required to come forward with evidence of specific circumstances which would establish a prima facie case that the evidence taken should be suppressed. Rule 16.2(b), Rules of Criminal Procedure.

■ Appellee's theory below was that since neither Pina nor Stuchen was on the property lawfully, any evidence they discovered which was used to support the affidavit for the search warrant was illegally obtained. On appeal appellee has confined his argument in support of the search warrant to the actions of Officer Stuchen. He argues that there was a reasonable expectation of privacy as to the carport which was violated by Stuchen's actions. For the purpose of this appeal we shall concede that appellee is correct in this respect. This, however, does not end the inquiry. If, after excising from the affidavit the information obtained by Officer Stuchen facts remain which will support the issuance of a warrant, the search warrant will be upheld. *People v. Parker*, 44 Cal.App.3d 322, 118 Cal.Rptr. 523 (1975).

■ It is our opinion that Officer Pina's detection of the odor of marijuana when considered with the balance of the statements contained in the affidavit supported the issuance of the search warrant. The question is not whether Officer Pina was within the curtilage when he detected the odor of the marijuana since a "reasonable expectation of privacy" and not common law property distinctions now controls the scope of the Fourth Amendment. *United States v. Magana*, 512 F.2d 1169 (9th Cir. 1975); *Wattenburg v. United States*, 388 F.2d 853 (9th Cir. 1968); *People v. Bradley*, 1 Cal.3d 80, 81 Cal.Rptr. 457, 460 P.2d 129 (1969). The proper inquiry is whether Pina's intrusion into the rear yard constituted an invasion into "what the resident seeks to preserve as private even in an area which, although adjacent to his home, is accessible to the public." *Wattenburg v. United States*, 388 F.2d at 857. The test is whether the person has exhibited a reasonable expectation of privacy, and, if so, whether the expectation has been violated by unreasonable governmental intrusion. *People v. Bradley, supra.*

In the *Bradley* case, a narcotics officer was told by an informer of unknown reliability that the defendant was growing marijuana by a fig tree at the rear of his residence. The officer went to the defendant's house, observed that the defendant's car was gone, went into the rear yard area to investigate and saw a marijuana plant. The California court upheld the discovery and seizure of the marijuana plants in the yard adjacent to the residence, observing that they were located a scant twenty feet from defendant's door to which presumably deliverymen and others came. Under these circumstances, the court held it did not appear that any expectation of privacy as to the plants would be reasonable.

In *Bradley* the rear yard was fenced to an undisclosed extent. Here, the rear yard was not fenced. Under such circumstances we do not believe that appellee had a reasonable expectation of privacy in respect to the odor emanating from the carport.

Appellee has cited *Wattenburg*, supra, as supporting his position. We do not agree. In *Wattenburg* the defendant had a stockpile of Christmas trees located about twenty to thirty-five feet from his lodge and about five feet from a parking area used by lodge personnel and patrons. However, as pointed out by the court in *Bradley*, the illegally-cut Christmas trees were covered by other legally-cut trees and it was necessary for the officers to search through the stockpile in order to find the illegal trees. Thus, the court observed that *Wattenburg* exhibited a subjective expectation of privacy which was reasonable.

The order granting the motion to suppress is vacated and set aside and the case

is remanded to the trial court for further proceedings consistent with this opinion.

HATHAWAY and RICHMOND, JJ., concur.