586 P.2d 653

**The STATE of Arizona, Appellant,**

v.

**Samuel Dyer DIFFENDERFER and Tony Valdes, Appellees.**

**No. 2 CA–CR 1365.**

Court of Appeals of Arizona, Division 2.

Sept. 13, 1978.

Rehearing Denied Oct. 17, 1978.

Review Denied Oct. 31, 1978.

Stephen D. Neely, Pima County Atty. by Richard Louis Strohm, Deputy County Atty., Tucson, for appellant.

John M. Neis, Pima County Public Defender by Donald H. Bayles, Jr., Asst. Public Defender, Tucson, for appellees.

## OPINION

RICHMOND, Chief Judge.

This is an appeal by the state from an order granting a motion to suppress. The facts show that on September 18, 1977, appellees Samuel Diffenderfer and Tony Valdes were two days late in the payment of rent on the Tucson home they had leased from Mrs. Dorothy Lee of Phoenix. Mrs. Lee had come to collect the back rent. She knocked on the door and received no answer. Mrs. Lee and a friend, Ms. Betty Embry, then walked around the perimeter of the house and outbuildings.

At the rear of the dwelling, behind a corral fence and storage shed, was a patch of corn eight feet high. After opening and passing through a corral gate, Mrs. Lee and Ms. Embry discovered that the corn surrounded more than 110 growing plants that appeared to Ms. Embry to be marijuana.

Mrs. Lee made a call to the Pima County Sheriff's Department, and officers Morgan and Walsh responded. They were met in front of appellees' home by Mrs. Lee and Ms. Embry, who described their discovery and then accompanied the officers to the rear of the house and through the shed to the corn-surrounded marijuana patch. The officers left, procured a search warrant, returned, seized the growing marijuana, and arrested appellees, who had returned in the interim.

The state contends the evidence seized by the officers was wrongfully suppressed for three reasons:

1. The seizure did not violate the Fourth Amendment because it was made pursuant to the issuance of a valid warrant based on probable cause developed by a citizen informant.

2. The police presence and viewing of the marijuana were not improper because the appellees had no reasonable expectation of privacy in an open field behind their residence.

3. Even assuming a reasonable expectation of privacy existed, and that the police were improperly on the premises, the search and seizure were not unconstitutional because the warrant was based on probable cause developed from the observations of citizens and the illegal presence of the police was not exploited.

The state's first and third contentions are essentially one: if the initial search by the officers was illegal, the observations of Mrs. Lee and Ms. Embry set forth in the affidavit for the search warrant established probable cause, independent of the information gathered by the officers. We agree and reverse.

■ Assuming the initial search to be illegal, if, after excising from the affidavit that information which was the product of the illegal search, facts remain sufficient to justify the magistrate's finding of probable cause, the warrant will be sustained. *State v. Lopez*, 115 Ariz. 40, 563 P.2d 295 (App. 1977).

■ The affidavit recounted observations of Ms. Embry which, independent of the police observations, could establish probable cause:

"That on 9–18–77 at approximately 1435 hrs. responded to 10,420 N. Thornydale and made contact with Dorthy F. Lee (8401 N. 67th Ave. Glendale Arizona 85301), who is the legal owner of said property. Mrs. Lee stated to me that she and a friend Betty Embry of (1001 N. 43rd Ave. L–310 Phoenix Arizona) came down to collect rent due from the renter of the property at 10,420 N. Thornydale Tucson Arizona. Upon their arrival there was no one at the residence. The owner, Mrs. Lee, then made a superficial inspection of her property with Ms. Embry. When they got to the area described as east of the white stucco house and north of the stables they noticed a corn field. As they walked past the corn field Ms. Embry noticed plants (green, leafy in nature) that appeared to her to be marijuana. Ms. Embry then called this to the attention of Mrs. Lee."

Appellees' contention that the reliability of Ms. Embry's identification of the marijuana was not adequately established in the affidavit is without merit. Information supplied by a citizen who voluntarily comes forward to aid law enforcement officers is presumed to be reliable. *People v. Hill*, 12 Cal.3d 731, 117 Cal.Rptr. 393, 528 P.2d 1 (1974). As for her identification of the plants, we agree with the reasoning expressed by the court in *Dishman v. State*, 3 Tenn.Cr.App. 725, 460 S.W.2d 855 (1970):

"To be positive that the material delivered to the defendant was marijuana, a chemical examination would be required. Many common plants look like it. Before he can obtain a search warrant, however, the agent is not required to have the information the search warrant would disclose. Proof of the probability and not of the crime is all that is required." 460 S.W.2d at 858.

*See also United States v. Shipstead*, 433 F.2d 368 (9th Cir. 1970), holding that a search warrant affidavit need not allege how the informant knew the drug in that case was methamphetamine.

The warrant was valid as supported by probable cause. The order granting the suppression motion is vacated and the case remanded for further proceedings.

HOWARD and HATHAWAY, JJ., concur.