597 P.2d 192

**The STATE of Arizona, Appellee,**

**v.**

**James Willard LUCAS, Appellant.**

**No. 2 CA–CR 1574.**

Court of Appeals of Arizona,
Division 2.

April 24, 1979.

Rehearing Denied May 30, 1979.

Review Denied June 26, 1979.

---

**40**

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender, by James E. Sherman, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant urges that his convictions for molestation of a child, sodomy, and lewd and lascivious acts be reversed on the grounds that (1) the trial court was without jurisdiction to rule on his motion for a change of judge, and (2) the Pima County Attorney's office had a conflict of interest and should have been disqualified from prosecuting his case. We find no error and affirm.

On January 5, 1978, appellant was indicted by the grand jury. He has remained in custody since that time. On May 22 appellant filed a "Motion to Stay Proceedings" and supporting affidavit alleging that he had filed a civil rights action against the government officials of Pima County and as a result believed the trial court had a "pecuniary and prejudicial interest in the outcome of [his criminal case] thereby creating a conflict of interest; . . . that the foregoing motion should be granted until such time as litigation in the said civil matter is finally decided." Following a hearing, the trial court denied the motion.

On June 29 appellant made a number of pre-trial motions including one entitled "Motion for Designation of Out-of-County Judge as Trial Judge or, in the Alternative, Motion for Change of Judge for Cause" and another entitled "Motion to Remove Pima County Attorney's Office as Prosecutor." Both were argued to the court and both were denied.

Continuances for cause are authorized by 17 A.R.S. Rules of Criminal Procedure, rule 8.5. Motions for change of judge are authorized by rule 10.1 upon a filing "[w]ithin 10 days after discovery that grounds exist." Rule 10.6 provides that "[w]hen a motion or request for change of judge is timely filed under [rule 10], the judge shall proceed no further in the action." Appellant urges that the trial court violated the provisions of rule 10.6 by proceeding further on his motion and denying it on the merits. The rule provides, however, that the trial court is only deprived of jurisdiction if the motion for change of judge is timely.

The record reflects appellant filed his civil rights action on either May 17 or 19, 1978. He argues that because his civil rights complaint asked for several million dollars in damages from the Pima County Board of Supervisors and because the Pima County court's budget is dependent on the board of supervisors, all judges of Pima County had a financial stake in the outcome of the litigation which could motivate them into "punishing the defendant in this case." Whatever grounds for a change existed, however, came into existence when the civil rights action was file. Since the motion for change of judge is timely only if filed within 10 days after discovery of the grounds for change, *State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977), appellant's motion on June 29 was ineffective.

Appellant urges that although he failed to properly designate it as such, his May 22 motion for continuance was a motion for a change of judge and as such was timely. Contrary to his argument, the May 22 motion clearly complied with the requisites of rule 8.5 as a motion for a continuance and gave no indication that appellant sought to disqualify the Pima County judges. The purpose of a motion is to obtain a ruling or an order directing that some act be done in favor of the applicant, and it should call to the attention of the court the particular purpose sought to be achieved so that the court is given an opportunity to rule on the matter. *State v. Wise,* 101 Ariz. 315, 419 P.2d 342 (1966).

The trial court was not asked to disqualify itself on May 22 and thus could not have been expected to do so.

We find no merit in appellant's contention that the entire Pima County Attorney's office was disqualified from prosecuting him on behalf of the state while the same office was defending the board of supervisors in the civil rights action involving conditions at the jail. He argues that he has established at least an appearance of impropriety by proving that the county attorney withdrew a plea agreement about the same time the federal suit was filed, even though the prosecutor avowed that the withdrawal and the filing were unrelated. Disqualification of a prosecutor's office is within the discretion of the trial court and will be overturned only if the discretion is abused. *People v. Battin,* 77 Cal.App.3d 635, 143 Cal.Rptr. 731 (1978). Where disqualification has been ordered, the facts generally reveal intense personal involvement of prosecuting attorneys in the very cases they are called on to prosecute. *See, e. g., People v. Superior Court of Contra Costa County,* 19 Cal.3d 255, 137 Cal.Rptr. 476, 561 P.2d 1164 (1977); *cf. State v. Thomason,* 353 So.2d 235 (La.1977). No such involvement has been shown and the trial court did not abuse its discretion in denying the motion.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.