623 P.2d 826

**STATE of Arizona, Appellee,**

v.

**Hector David DE LA OSSA, Appellant.**

**2 CA–CR 2052.**

Court of Appeals of Arizona,
Division 2.

Dec. 2, 1980.

Rehearing Denied Jan. 14, 1981.

Review Denied Feb. 3, 1981.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of theft in violation of A.R.S. Sec. 13–1802 (possession of stolen property), was placed on probation by the trial court on condition that he serve 30 days in the county jail. The determinative issue is whether the trial court erred in rejecting his plea of double jeopardy. We hold that it did not and affirm.

Appellant was originally charged with three counts of theft. The second count was dismissed and counts one and three went to the jury for its determination. Count one charged that appellant, on or about August 2, 1979, "knowing or having reason to know it was stolen, controlled or

came into control of ... One 1973 Yamaha 360 Dirt Bike, gray in color ...." Count three charged that on the same day appellant "... knowing or having reason to know it was stolen, controlled or came into control of ... One 1979 Yamaha, Motorcycle, yellow in color ...."

A mistrial was declared as to count three because of a discrepancy between the forms of verdict submitted to the jury and the court's instructions on that count. However, the jury was instructed to continue its deliberations as to count one, for which it returned a verdict of not guilty.

The state decided to retry appellant on count three. Prior to retrial, appellant moved to dismiss the prosecution contending that the doctrine of collateral estoppel precluded his retrial. The trial court denied the motion.

In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) the court held that collateral estoppel in criminal trials is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments; stating that collateral estoppel "means simply that when a (sic) issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194.[1]

■ The collateral estoppel analysis as set forth by the Ninth Circuit, involves a three-step analysis: (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case. *United States v.*

1. See also, *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971); *Turner v. Arkansas*, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972). Arizona followed this doctrine prior to *Ashe v. Swenson*, supra. See,

*State v. Little*, 87 Ariz. 295, 350 P.2d 751 (1960) and *State v. Forteson*, 8 Ariz.App. 468, 447 P.2d 560 (1968). Generally, see Annot., 9 A.L. R.3d 203 et seq.

*Hernandez*, 572 F.2d 218 (9th Cir. 1978). This analysis is modified when the first trial involves a multi-count indictment and the second trial involves one of the counts in the first trial. In such a case, application of the third step of the *Hernandez* analysis resolves the question. We shall therefore examine the record of the first trial in order to ascertain the answer to this question: When the jury found that appellant was not guilty of controlling a 1973 Yamaha 360 dirt bike knowing or having reason to know it was stolen, did it necessarily decide that appellant did not control the 1979 Yamaha motorcycle, knowing or having reason to know that it was stolen?

The testimony of the first trial shows that the appellant, Richard Moreno and Richard Cazares were apprehended riding the three stolen motorcycles which constituted the basis for the three-count indictment. Appellant was riding the 1979 Yamaha. At first appellant told the owner of the motorcycle that he bought the 1979 Yamaha from Gilbert Gutierrez. Subsequently, he told the police that he had purchased all three of the motorcycles from Mr. Gutierrez.

At the first trial appellant testified that he did not know any of the vehicles had been stolen. He also stated that the reason he told the owner that he had bought his motorcycle from Mr. Gutierrez was that he thought the owner would let him go. He said that he told the police that he had bought all three of them to ensure that his friends, Moreno and Cazares, were not implicated.

Richard Moreno testified that he borrowed the motorcycles from a person named "Mohammed", put them in a pickup truck, and then picked up Cazares and went to the Santa Cruz riverbed to ride the cycles.

During his testimony, Richard Cazares said that he and Moreno took two motorcycles and the Ford pickup to the Santa Cruz riverbed where they met a third person riding a motorcycle who later joined them. Presumably, this third person was the appellant.

The state had to prove, inter alia, that appellant controlled or came into control of both the 1973 Yamaha 360 dirt bike and the yellow 1979 Yamaha motorcycle. While it was clear that appellant controlled the latter since he was caught riding it, it is not clear as to the former. The only evidence concerning appellant's control of the dirt bike were his admissions which he later repudiated at trial. Based on the evidence, the jury could have decided that appellant never controlled or came into control of the 1973 Yamaha, requiring them to render a not guilty verdict as to count one. Therefore, when they found appellant not guilty on count one, they did not necessarily decide that he was not in control of the 1979 Yamaha, knowing or having reason to know that it had been stolen. The doctrine of collateral estoppel does not apply here.

■ Appellant contends that the trial court erred in giving state's Instructions Nos. 11, 23 and 25. As to No. 11, appellant's counsel merely objected without giving any reason. A general objection is insufficient to preserve an issue on appeal and accordingly, we shall not consider the propriety of Instruction No. 11. *State v. Taylor*, 99 Ariz. 85, 407 P.2d 59 (1965). As for No. 23, no objection was made and therefore no error was preserved for appeal. Appellant's contention that proper objections at the first trial to these instructions preserved them at the second trial is without merit.

The state's Instruction No. 25 stated:

"The purchase of stolen property at a price substantially below its fair market value permits a conclusion that the purchaser was aware of the risk that it had been stolen."

Appellant contends that this instruction constitutes a comment on the evidence. We disagree. It merely informs the jury of a permissible inference.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.