660 P.2d 471

The STATE of Arizona, Appellee,

v.

Patricia deBOUCHER, Appellant.

No. 2 CA–CR 2556.

Court of Appeals of Arizona,
Division 2.

Nov. 24, 1982.

Rehearing Denied Jan. 19, 1983.

Review Denied Feb. 23, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Lars Pedersen, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Following conviction for contributing to the delinquency or dependency of a minor and two counts of child abuse, the appellant, Patricia deBoucher, was placed on probation. On appeal, she challenges the trial court rulings on several issues which we will address individually.

We affirm.

*Admission of Certain Testimony and Denial of Rule 20 Motion Regarding Reckless Child Abuse of Christa Young*

The appellant was the director of the Treehaven boarding school. On March 20, 1980, various county officials, including sheriff's deputies and representatives of the Pima County Health Department and the Tucson Fire Department visited the school. The kitchen was ordered closed and numerous health and fire code violations were noted.

Seven year old Christa Young spent July and August 1979 in the Treehaven Summer Camp and then enrolled there for the school year. The summer camp was at the school and the appellant was also the camp director. Christa apparently suffered brain damage at birth and was receiving medication called Tofranil. The state charged that the appellant abused Christa by failing to give her Tofranil at Treehaven. Christa's mother testified at trial that Christa suffered from brain dysfunction manifested by certain behavior, hyperactivity, lack of impulse control and learning disability, that Tofranil had been prescribed, and that Tofranil calms Christa down, increases her attention span and helps her to learn. The appellant claims that this testimony was improperly admitted since it should be presented only by a qualified medical expert as expert opinion. We disagree.

■ A lay person may testify as to matters within his/her personal knowledge. 17A A.R.S. Rules of Evid., Rule 602. Whether or not Tofranil was prescribed is a fact within the mother's knowledge. *See* 32 C.J.S. § 546(23). Likewise the mother was qualified to testify as to Christa's observable behavior traits both before and following the treatment with Tofranil. *See* 32 C.J.S. § 546(23). We need not decide whether expert opinion testimony is required to show that the problem traits were a result of brain dysfunction, and that the improvement in those traits resulted from the Tofranil treatment, since that portion of the mother's testimony is merely cumulative of other evidence. Therefore, even if error, we find that portion of the mother's testimony to be harmless since we have no doubt that the jury would have found the appellant guilty in the absence of this testimony. *See State v. Williams,* 133 Ariz. 220, 650 P.2d 1202 (1982); *State v. McVay,* 127 Ariz. 450, 622 P.2d 9 (1980); *State v. Brady,* 105 Ariz. 190, 461 P.2d 488 (1969). Evidence in the form of a psychological evaluation of Christa by Dr. Irwin Lehrhoff refers several times to the fact of Christa's brain impairment. In addition, Dr. Rubin Bressler, a clinical pharmacologist, testified that based on numerous tests performed on Christa, the conclusion that she suffered from brain dysfunction was justified. He also testified that Tofranil was used to effect the behavior changes related by Christa's mother.

■ Regarding the denial of the Rule 20 motion for a directed verdict, the Arizona law is that "the court should not grant a directed verdict if reasonable minds can differ on the inferences to be drawn from the evidence." *State ex rel. Hyder v. Superior Court,* 128 Ariz. 216, 624 P.2d 1264 (1981); *State v. Mosley,* 119 Ariz. 393, 581 P.2d 238 (1978); *State v. Latino,* 25 Ariz.App. 66, 540 P.2d 1285 (1975). Reasonable minds could differ over whether the appellant recklessly abused Christa Young. The jury had evidence concerning Christa's condition before the Tofranil treatment, after the treatment was initiated, after the medication was substantially terminated at Treehaven, and after the treatment was reinstated following Christa's removal from Treehaven. It had evidence from which to infer that the appellant knew Christa had a medical problem, knew Christa was receiving medication, accepted responsibility for Christa, and effectively withdrew the medication.

### Denial of Rule 20 Motion Regarding Intentional Child Abuse of Trisha Vander Wys

Trisha Vander Wys was a student at Treehaven. In March 1980 the appellant discovered Trisha wrestling with a boy and sent her to her room. After following her to her room, the appellant pulled Trisha's hair, accused her of acting like a tramp, and slapped her across the face. Trisha's lip cracked and bled, and the slap knocked off a scab. The appellant contends that her Rule 20 motion was improperly denied, since she did not intentionally injure or abuse Trisha. We disagree.

■ The appellant was charged under A.R.S. § 13–3623(C)(1) which requires "intentionally or knowingly" causing "a child to suffer physical injury or abuse ...." Trisha's cut and bleeding lip falls within the definition of "physical injury" contained in

A.R.S. § 13–3623(A)(2)[1] and the definition contained in A.R.S. § 8–546(A)(2).[2] The issue here is whether the appellant *intentionally* caused Trisha to suffer physical injury or abuse. A.R.S. § 13–105(5)(a) states that "intentionally" means "with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct." Bearing in mind that "the court should not grant a directed verdict if reasonable minds can differ on the inferences to be drawn from the evidence," *See Hyder, supra,* we find that reasonable minds could differ on the issue of whether the appellant's objective was to cause physical injury to Trisha. The Rule 20 motion was therefore properly denied. We note that the evidence of intent to cause physical injury may be circumstantial in nature. *See State v. Vann,* 11 Ariz.App. 180, 463 P.2d 75 (1970).

### Denial of Rule 20 Motion and the Admissibility of Certain Evidence Regarding the Contributing Count

■ We next consider whether the Rule 20 motion on the charge of contributing to delinquency or dependency of a child was properly denied. The appellant was charged under A.R.S. § 13–3613, which holds liable "[a] person who by any act, causes, encourages or contributes to the dependency or delinquency of a child ...." The evidence must show "that through any act of neglect or omission of duty, or by any improper act or conduct on the part of such person the dependency or delinquency of a child may have been caused or merely encouraged." A.R.S. § 13–3614. A dependent person is one "[w]hose home, by reason of neglect ... of the person in whose custody or care he may be, is an unfit place for such person." A.R.S. § 13–3612(3)(g). We find that under *Hyder, supra,* reasonable minds could differ as to whether an unfit

---

1. A.R.S. § 13–3623(A)(2) states: " 'Physical injury' means the impairment of physical condition and includes but shall not be limited to any skin bruising, bleeding, failure to thrive, malnutrition, burns, fracture of any bone, subdural hematoma, soft tissue swelling, injury to any internal organ or any physical condition which imperils a child's health or welfare."

2. A.R.S. § 8–546(A)(2) states: " 'Abuse' means the infliction of physical injury impairment of bodily function or disfigurement ...."

home for children may have been caused or merely encouraged by an act of neglect or omission of duty by the appellant. The Rule 20 motion was properly denied. Sufficient evidence exists from which reasonable minds could infer that Treehaven was a boarding school, that numerous students lived on the premises, that the appellant was the director of that school, that those students were under the care of appellant, and that various conditions existed which might constitute an unfit home. Some of those conditions were spoiled food, unflushable toilets, natural gas leaks, and school buildings without alarm systems, fire extinguishers, emergency lights, lighted exit signs, or panic bars on the doors.

 Some testimony might lead to the inference that certain conditions at Treehaven were substandard and therefore violated the Arizona State Fire Code. Actually, under a "grandfather" clause, those conditions, although falling beneath the standards of the Code, are not in technical violation of the Code. The appellant claims such testimony was prejudicial and reversible error. We disagree. The conditions, whether or not violative of the Code, may have been sufficiently hazardous to constitute an unfit

home under A.R.S. § 13–3612(3)(g). In addition, the appellant had the opportunity during cross-examination to question the accuracy of the direct testimony by the state's witness and to present facts inconsistent with that testimony. *See State v. Young,* 109 Ariz. 221, 508 P.2d 51 (1973); *Kinsey v. State of Arizona,* 49 Ariz. 201, 65 P.2d 1141 (1937); *United Verde Extension Min. Co. v. Ralston,* 37 Ariz. 554, 296 P. 262 (1931).

 The appellant also claims it was error for the trial court to exclude an inspection report by an insurance company. The exclusion occurred during an off-the-record bench conference. Since we have no record for review of this issue, the appellant is precluded from asserting error. *See State v. Bennett,* 74 Ariz. 6, 242 P.2d 840 (1952); *State v. Travis,* 26 Ariz.App. 24, 545 P.2d 986 (1976).

### Adequacy of Jury Instructions

 Our review of the record shows no error in the instructions given. The instructions are clearly understandable and adequately preserved. The structure of Instruction # 10 [3] and repetition of culpable

---

3. "In order to prove the defendant guilty of the offense of Child Abuse, the State must prove beyond a reasonable doubt that the defendant either intentionally, or knowingly, or recklessly, or with criminal negligence:
 1. Cause the child
 2. To suffer physical injury or abuse
 OR:
 1. Having the care or custody of such child
 2. Caused or permitted
 3. The person or health of such child to be injured
 OR:
 1. Having the care or custody of such child
 2. Caused or permitted
 3. Such child
 4. To be placed in a situation
 5. Where its person or health is endangered.
 If you find that the defendant has done any of the things described above, with respect to any particular count, you must decide whether the defendant acted intentionally, or knowingly, or recklessly, or with criminal negligence.
 'Intentionally' or 'with intent to' means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct.

'Knowingly' means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists.
 'Recklessly' means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in a situation.
 'Criminal negligence' means, with respect to a result or to a circumstance described by a statute defining an offense, that a person fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.
 'Physical injury' means the impairment of physical condition and includes, but shall not be limited to any skin bruising, bleeding, failure

**226**

mental states is not confusing. In addition, the appellant did not object to the structure or repetition of Instruction # 10 at trial. We find no grammatical confusion in Instruction # 12.[4] The appellant also did not object to Instruction # 12 at trial. Her reliance on an objection made at the first trial of this matter is misplaced. *See State v. De La Ossa,* 128 Ariz. 37, 623 P.2d 826 (App.1980). Regarding the only alleged error in Instruction # 13 [5] preserved on appeal, we find that Instruction # 13 does not constitute an impermissible comment upon the evidence. The appellant's claim that instructions on matters not in evidence violated due process is untenable. There existed sufficient foundation in the evidence upon which the jury could make a decision on all matters on which it was instructed. *See State v. Quila,* 108 Ariz. 488, 502 P.2d 525 (1972). We find no fundamental error in any of the instructions submitted to the jury.

 The appellant argues that the trial court committed error by refusing certain instructions requested by her. We disagree. Her proposed instruction # 1 differs from submitted Instruction # 10 in that it contains a definition of the term "endanger" and contains a portion of the statutory definition of "abuse" deleted from the submitted instruction. The trial court need not define a term such as "endanger" in the instructions when it is a term of ordinary significance. *See State v. Bice,* 127 Ariz. 312, 620 P.2d 227 (App.1980); *State v. Beers,* 8 Ariz.App. 534, 448 P.2d 104 (1968). The deleted portion of the "abuse" definition was not involved in this case.

The thrust of the appellant's proposed instructions on justification was adequately covered by the instructions actually submitted to the jury.

### Sufficiency of Facts for Probable Cause in Affidavit Supporting Search Warrant

 The appellant claims that affidavits supporting a search warrant contained insufficient facts to justify probable cause. On review, we must determine

to thrive, malnutrition, burns, fracture of any bone, subdural hematoma, soft tissue swelling, injury to any internal organ or any physical condition which imperils a child's health or welfare.

'Abuse' means the infliction of physical or mental injury or the causing of deterioration of a child and shall include failing to maintain reasonable care and treatment.

'Child' means an individual who is under the age of 18 years."

4. "The use of physical force upon another person which would otherwise constitute an offense, is justifiable, and not criminal under the following circumstance. A parent or guardian and a teacher or other person entrusted with the care and supervision of a minor or incompetent person may use reasonable and appropriate physical force upon the minor or incompetent person when and to the extent reasonably necessary and appropriate to maintain discipline.

The state must prove beyond a reasonable doubt, any physical force was not necessary or appropriate to maintain discipline."

5. "In order to find the defendant guilty of the offense of Contributing To the Dependency Of A Minor, the state must prove that the defendant:
 1. By any act
 2. Caused, encouraged or contributed
 3. To the dependency
 4. Of a child under the age of 18 years old
 OR:
 1. The defendant
 2. For any cause
 3. Is responsible
 4. For causing, encouraging or contributing
 5. To the dependency of a child under the age of 18 years old.

'Dependent person' means a person under the age of 18 years whose home, by reason of neglect, cruelty or depravity of the person in whose custody or care he or she may be, is an unfit place for such person.

In order for the state to prove that the defendant is guilty of contributing to the dependency of a minor, it is not necessary that the state prove that the child has actually become dependent, if it appears from the evidence that through any act of neglect or omission of a duty, or by any improper act or conduct on the part of such person, that is, the person in whose custody the child may be, the dependency of the child may have been caused or merely encouraged.

There exists a legal duty on the part of the defendant to provide a fit place for the boarding students of Treehaven School if she has agreed to provide care, shelter and treatment for those children who have been placed in her custody."

whether the statutory procedures of A.R.S. §§ 13–3911 et seq. have been followed, and whether the issuing court had sufficient grounds upon which to base its decision. *See State v. Kelly,* 99 Ariz. 136, 407 P.2d 95 (1965). Reviewing courts pay great deference to a magistrate's determination of probable cause. *State v. Adams,* 18 Ariz. App. 292, 501 P.2d 561 (1972). We find the affidavits replete with statements of fact, not inferences. The statements in the affidavits contain numerous personal observations by Treehaven teachers concerning physical conditions at the school and the appellant's treatment of students. Such statements are presumed reliable. *See State ex rel. Flournoy v. Wren,* 108 Ariz. 356, 498 P.2d 444 (1972); *State v. Diffenderfer,* 120 Ariz. 404, 586 P.2d 653 (App. 1978). The affidavits contained sufficient facts to allow an independent judgment of probable cause. *See State v. Warren,* 121 Ariz. 306, 589 P.2d 1338 (App.1978).

*Partial Denial of Motion for Bill of Particulars; Compliance with the Order for Specific Particulars For the Contributing Count*

The appellant contends it was error to deny her motions for a bill of particulars for the child abuse counts, and that the information supplied by the state in response to the granted motion for a bill of particulars on the contributing count was insufficient to identify the crime and thus denied her due process.

We have stated that the present Rules of Criminal Procedure, 17 A.R.S., do not provide for a bill of particulars. The grand jury transcript and discovery material disclose the particulars of each charge. *See State v. Agnew,* 132 Ariz. 567, 647 P.2d 1165 (App.1982); *State v. Bruni,* 129 Ariz. 312, 630 P.2d 1044 (App.1981). Our examination of the grand jury transcript reveals a sufficient presentation of the details of the child abuse counts. Concerning the contributing count, and assuming that the trial court acted correctly in granting a motion for a bill of particulars, we do not have the state's response to that motion

before us and therefore cannot determine whether it was sufficiently specific. Absent an adequate record for review, the appellant is precluded from asserting error concerning the motion for a bill of particulars on the contributing count. *See State v. Bennett, supra.*

*Constitutionality of 5 A.R.S. §§ 13–3612–18 and 13–3623*

A.R.S. § 13–3623(C) holds liable "any person who ... causes or permits such child to be placed in a situation where its person or health is endangered ...." The appellant claims that the term "endangered" is unconstitutionally vague. We disagree. The term "endangered" is sufficiently clear to allow members of society to comprehend their legal duty. *See People v. Hoehl,* 193 Colo. 557, 568 P.2d 484 (1977). "Where a statute contains a reasonably adequate disclosure of the legislative intent regarding an evil to be combatted in language giving fair notice of the practices to be avoided, a court will be slow to say that such a statute is too indefinite to be enforced." *People v. Diebert,* 117 Cal.App.2d 410, 256 P.2d 355 (1953). "[S]tatutes should be construed in the light of the evil they were designed to remedy." *City of Mesa v. Salt River Project Agr. Imp. and Dist.,* 92 Ariz. 91, 373 P.2d 722 (1962). The term "endangered" is clarified by the purpose intended to be accomplished by the statutory section, i.e., the control of child abuse as indicated by the title to A.R.S. § 13–3623.

The appellant's position that the terms "any cause" and "any improper act or conduct" in A.R.S. §§ 13–3612–18 are unconstitutionally broad is untenable. Arizona courts have consistently held that "the legislature in creating an offense may define it by a particular description of the act constituting it or may define it as an act which produces a certain defined or described result." *Loveland v. State of Arizona,* 53 Ariz. 131, 86 P.2d 942 (1939). *See also Brockmueller v. State,* 86 Ariz. 82, 340 P.2d 992 (1959).

228

Finally, the definition of "physical injury" in A.R.S. § 13–3623(A)(2) does not create an arbitrary presumption. The definition is not unconstitutionally vague since, under A.R.S. § 13–3623, the injury must occur in the context of child abuse "not mere normal parental action or inaction." *See State v. Coe,* 92 N.M. 320, 587 P.2d 973 (Ct.App.1978).

*Denial of Motion to Disqualify Prosecuting Attorney and Denial of Motion to Dismiss or in the Alternative for New Findings of Probable Cause*

The appellant argues that the prosecuting attorney should have been disqualified on the basis of the appearance of impropriety since the children of two deputy county attorneys attended Treehaven school from 1977 to 1979. We find no appearance of impropriety. As we have previously stated, "[d]isqualification of a prosecutor's office is within the discretion of the trial court and will be overturned only if the discretion is abused ... Where disqualification has been ordered, the facts generally reveal intense personal involvement of prosecuting attorneys in the very cases they are called on to prosecute." *State v. Lucas,* 123 Ariz. 39, 597 P.2d 192 (App.1979). In the present case, the children were not involved in the action in any way. The prosecuting attorney did not appear at the grand jury proceedings as a witness and a prosecutor. No intense personal involvement has been shown, no act of impropriety occurred, and there was not even an appearance of impropriety.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.