731 P.2d 104

**The STATE of Arizona, Appellee,**

**v.**

**Michael Gregory DESKINS and Lorrie Ann Redmon Deskins, Appellants.**

**No. 2 CA–CR 4279.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 19, 1986.

Review Denied Jan. 6, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Phoenix, for Appellee.

Frederic J. Dardis, Pima County Public Defender by Frank P. Leto, Tucson, for Appellants.

## OPINION

LACAGNINA, Judge.

This is an appeal challenging the constitutionality of A.R.S. § 13–3623(C) as being vague and overbroad. Michael and Lorrie Ann Deskins were convicted by a jury of three counts of negligent child abuse, class 6 open-ended offenses, in violation of A.R.S. § 13–3623(C). The court suspended imposition of sentence and placed them on two years' probation. The Deskins were convicted under the provision of that statute which makes it unlawful for any person having the care or custody of a child to permit "such child to be placed in a situation where its person or health is endangered." The Deskins argue they were convicted for "essentially keeping a dirty house and yard." They argue that their criminal conduct consisted of poor housekeeping practices rather than any acts of abuse against their three children, and therefore, they were convicted for purely innocent behavior. They argue further that because the conduct of endangerment is not statutorily defined, the above-mentioned provision of the statute is unconstitutionally void for vagueness and is overbroad, violating their due process rights and invading their constitutionally protected right to privacy. We disagree and affirm.

■ This court has previously decided that the term "endangered" is not unconstitutionally vague but is "sufficiently clear to allow members of society to comprehend their legal duty." *State v. deBoucher,* 135 Ariz. 220, 227, 660 P.2d 471, 478 (App. 1982). In *deBoucher* we recognized the legislative intent sought to be accomplished by § 13–3623, i.e., criminalization of child abuse, and acknowledged that the provision in question, especially the term "endangered," was clarified in that context.

■ We also disagree that the provision is unconstitutionally overbroad. First, no one can argue that the state lacks a rational basis for making child abuse illegal conduct. This rational basis extends to the control of negligently inflicted child abuse, as the state proved occurred in this case. *Seeley v. State,* 134 Ariz. 263, 655 P.2d 803 (App.1982). Second, the Deskins' convictions are not based on a statutory provision which prohibits "innocent" or otherwise constitutionally protected activity. The Deskins have no constitutional right to permit their children to live in conditions which endanger their health, and the state has a right to prohibit such activity. This is not a case of innocent conduct. *See State v. Carruth,* 132 Ariz. 368, 645 P.2d 1282 (1982). The Deskins' conduct was "legally prohibited" within the clear intent and language of the statute, and they have "no standing to complain that other types of conduct which could conceivably fall within the ambit of the statute [lack] a rational basis for governmental prohibition." *Seeley v. State,* 134 Ariz. at 267, 655 P.2d at 807, citing *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

■ The jury did not convict the Deskins because their children slept outside at night. Rather, the jury heard evidence of unsanitary conditions, including a leaking

portable toilet and that the children slept in close proximity to animals which appeared to be diseased and scrap metal automobile parts, tin cans and other discarded items. The children, who were kept barefoot, were not protected from scrap lumber with protruding nails and were exposed to the animal feces. In addition, the Child Protective Services caseworker testified that he was concerned about the health of at least two of the children upon his initial visit and informed the parents of this concern. The jury heard evidence that the parents were given one week in which to make changes which were indicated by the caseworker, but failed or refused to do so. The Deskins had fair notice of their legal duty as parents and of the conduct which was proscribed by the statute. The jury had sufficient evidence from which it could determine the children were endangered within the meaning of the statute.

Affirmed.

LIVERMORE, P.J., and BIRDSALL, J., concur.