587 P.2d 973

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Danny R. COE, Defendant-Appellant.**

**No. 3639.**

Court of Appeals of New Mexico.

Oct. 17, 1978.

Writ of Certiorari Denied Dec. 4, 1978.

Hank Farrah, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Charlotte Hetherington Roosen, Asst. Atty. Gen., Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of child abuse resulting in death contrary to § 40A–6–1(C), N.M.S.A. 1953 (2d Repl. Vol. 6, 1972, Supp.1975) defendant appeals. He asserts two grounds for reversal: (1) failure of the trial court to grant a directed verdict based on insufficient evidence; (2) whether § 40A–6–1(C), supra, is unconstitutional. We affirm.

*Substantial Evidence*

Defendant asserts that at the time of his motion for dismissal the state had failed to offer any evidence that defendant either abused the child or had any reason to

be aware that the child was being abused. We disagree.

The evidence established that the child was abused; that defendant was living with the child and the child's mother, Esther Smith; that defendant abused the child; that defendant was alone with the child when it became unconscious; and, that the abuse resulted in death. The medical evidence supports the conclusion indicating child abuse and not injuries from falling down the stairs. *State v. Adams*, 89 N.M. 737, 557 P.2d 586 (Ct.App.1976).

*Constitutionality of § 40A–6–1(C), supra.*

■ Defendant was charged and convicted only under § 40A–6–1(C)(1) and (2), supra. Consequently, he has standing to challenge only those particular sections. *State v. Herrod*, 84 N.M. 418, 504 P.2d 26 (Ct.App. 1972). Therefore, any contention by defendant that § 40A–6–1(C)(3), supra, is vague will not be considered.

■ Defendant maintains that § 40A–6–1(C), supra, is unconstitutionally vague so as to violate due process. *State v. Najera*, 89 N.M. 522, 554 P.2d 983 (Ct.App.1976) held that a statute violates due process " * * * if it is so vague that persons of common intelligence must necessarily guess at its meaning * * *." The underlying doctrine is one of notice and fair warning as to the nature of the proscribed activity. *State v. Marchiondo*, 85 N.M. 627, 515 P.2d 146 (Ct.App.1973). In determining questions of vagueness that court considers the statute as a whole. *State v. Orzen*, 83 N.M. 458, 493 P.2d 768 (Ct.App.1972).

■ Section 40A–6–1(C), supra, is not vague. It clearly sets forth and segregates the type of conduct proscribed by the law. It contains specific sections on neglect, abandonment, and abuse. Each section contains its own definition. Section 40A–6–1(C), supra, defines *abuse* as conduct which:

" * * * consists of a person knowingly, intentionally, or *negligently*, and without justifiable cause, causing or permitting a child to be:

"(1) placed in a situation that may endanger the child's life or health; or

"(2) tortured, cruelly confined or cruelly punished; or

"(3) exposed to the inclemency of the weather.

"Whoever commits abuse of a child is guilty of a fourth degree felony, unless the abuse results in the child's death or great bodily harm, in which case he is guilty of a second degree felony." [Emphasis added].

Reasonable adults of common intelligence would have no difficulty in ascertaining the type of conduct proscribed by the statute and the type not so restricted. Defendant's contention, that because of its negligence requirement the statute covers any and all harm that might befall the child, is without substance. *State v. Lucero*, 87 N.M. 242, 531 P.2d 1215 (Ct.App.1975), held that § 40A–6–1, supra, to be a strict liability statute. *State v. Adams*, 89 N.M. 737, 557 P.2d 586 (Ct.App.1976) sustained a conviction of child abuse resulting in death upon a negligence theory where the father had knowledge of the child abuse and failed to take any action to halt that abuse.

The statute then does not apply to ordinary situations where a child is injured, but only to those where the parent performs or fails to perform some abusive act. The statute requires *abuse* and not mere normal parental action or inaction. The statute gives fair warning to any reasonable person that child abuse is prohibited and punishable behavior.

In construing legislative enactments *State v. Pacheco*, 81 N.M. 97, 463 P.2d 521 (Ct.App.1969) stated:

"Every presumption is to be indulged in favor of the validity and regularity of legislation, and it will not be declared unconstitutional, unless the court is satisfied beyond all reasonable doubt that the Legislature went outside the Constitution in enacting it. [Citations omitted]."

The legislature in enacting § 40A–6–1(C)(1) and (2), supra, acted within its province to protect abused children. The legislature did not act outside its constitutional limits.

Defendant's contention that the punishment under this statute is cruel and unusual is without merit. It is based on matters which are not a part of this case.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concurs.