644 P.2d 1059
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Francisco SALAZAR,
Defendant-Appellant.**

No. 5489.

Court of Appeals of New Mexico.

April 20, 1982.

Thomas J. Horne, P. C., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

■ Convicted of seven counts of fraudulent use of a credit card contrary to § 30–16–33(A)(4), N.M.S.A.1978, defendant appeals. Defendant's sole issue on appeal is whether his motion to dismiss the indictment should have been granted. Issues raised in the docketing statement and not argued on appeal are deemed abandoned. *State v. McGill*, 89 N.M. 631, 556 P.2d 39 (Ct.App.1976).

Section 30–16–33, *supra*, states:

*Fraudulent use of credit cards.*

A.   A person is guilty of a fourth degree felony if, with intent to defraud, he uses, to obtain anything of value:

(1) a credit card obtained in violation of Sections 30–16–25 through 30–16–38 NMSA 1978; or

(2) a credit card which is invalid, expired or revoked; or

(3) a credit card while fraudulently representing that he is the cardholder named on the credit card, or an authorized agent or representative of the cardholder named on the credit card; or

(4) a credit card issued in the name of another without the consent of the person to whom the card has been issued.

B.   If the value of all things of value obtained by any person from one or more merchants, an issuer or a participating party, in violation of this section, exceeds three hundred dollars ($300) in any consecutive six months period, then the offense of the violator is a third degree felony.

■ Defendant contends that the statute is unconstitutionally vague. We disagree. This contention is based on his argument that he was exposed to a sentence greater than he could receive had he charged more items and been convicted under § 30–16–

33(B). Since defendant was charged and convicted under Subsection A, he does not have standing to challenge Subsection B. *State v. Coe*, 92 N.M. 320, 587 P.2d 973 (Ct.App.1978). The facts do not bring him within Subsection B. The total of all seven counts was $109.66. Defendant's rights have not been adversely affected. *State v. Hines*, 78 N.M. 471, 432 P.2d 827 (1967).

■ The next part of defendant's argument is that the counts should have been merged into one count of violating the statute. It appears the gist of defendant's argument in this situation is similar to the totalling provisions found unconstitutionally vague in *State v. Ferris*, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969). We disagree with the argument for two reasons.

First, the language of Subsection A is clear. Everyone is put on notice that using a credit card belonging to another, without consent, with the intent to defraud or obtain something of value, is a crime. A person of common intelligence can read and determine the type of conduct proscribed. *State v. Coe, supra.*

Second, each use of another's credit card is punishable as a separate offense. The preceding statute, § 30–16–32, N.M.S.A. 1978, punishes each fraudulent signature. This indicates that the Legislature intended to punish each use of a credit card, not the continuing possession and usage of one card. Further, under the "same evidence test," merger is inappropriate. *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975).

Affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and WOOD, J., concur.