657 P.2d 1197

STATE of New Mexico, Plaintiff-Appellee,

v.

Jerry FULTON, Defendant-Appellant.

No. 5868.

Court of Appeals of New Mexico.

Jan. 18, 1983.

Lynne Corr, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WALTERS, Chief Judge.

Defendant appeals his three convictions of child abuse, contrary to § 30–6–1(C)(2),

N.M.S.A.1978 (1982 Supp.). We discuss his points on appeal, plus a third issue prompted by the manner in which this case was appealed:

1. Whether there was sufficient evidence to sustain the conviction;

2. Whether the child abuse statute is unconstitutional; and

3. Whether trial counsel for the defendant should be held in contempt for

(a) failure to timely file an appeal; and

(b) omitting facts from his docketing statement.

1. Defendant presents the sufficiency of the evidence argument under *State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967). This was the only issue raised in his docketing statement; his second point was presented in his brief in chief.

Defendant has three stepchildren, Bryan, age 12; Phanessa, age 10; and Christopher, age 5. On the day in question, defendant was drunk. In what he claimed to be an exercise of discipline, he broke the gun Bryan had received as a Christmas gift by slamming it against the breakfast counter and the front porch. He made Bryan get his Boy Scout shirt and he then slashed it with a pocket knife while Bryan was holding it close to his body, telling Bryan he had to wear it to school the next day in that condition. He then made Christopher get his pillowcase, slashed it in the same manner, and told him he had to sleep on it.

Defendant went to the bedroom and dumped all of the children's toys and clothes from drawers onto the floor. He made Bryan make four or five trips to the dumpster with toys. Bryan was ordered to put his dirty underwear into his mouth, and when Bryan held it in his mouth by the waistband, defendant stuck the crotch in his mouth.

Phanessa's clothes were dumped from her drawers onto the floor by defendant, and then he made her refold them and put them away. She was so frightened that she urinated on herself and began screaming, whining and crying.

At dinner, defendant overloaded the youngest child's plate with food and told him he had to eat all of it. He then ordered Phanessa to get a bar of soap, and he made all of the children lick it; then bite, chew and swallow it. Christopher was required to fill a glass of water from the toilet and drink it. The toilet had not worked that day, and it was filled with feces, urine and toilet paper. When Phanessa complained of being ill, defendant stuck his finger down her throat and made her vomit. There was blood in the vomit.

■ The foregoing is sufficient evidence to prove that defendant knowingly, intentionally or negligently, and without justifiable cause, caused each of the three children to be tortured or cruelly punished. Section 30–6–1(C)(2), *supra.* Defendant's denial of some of the acts and his explanation that he did others to discipline the children, at most, created a conflict in the evidence, which was for the jury to resolve. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). It did so, and there was substantial evidence to support its verdict.

■ 2. Defendant next contends that the child abuse statute is unconstitutional. This issue was not listed in his docketing statement, but is one which may be raised for the first time in the brief. *State v. Aranda,* 94 N.M. 784, 617 P.2d 173 (Ct.App. 1980); N.M.R.App.P. 308, N.M.S.A.1978.

Defendant briefs this issue to meet federal exhaustion requirements. *See United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), and *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Defendant recognizes that the statute has been upheld in *State v. Lucero,* 98 N.M. 204, 647 P.2d 406 (1982); *State v. Coe,* 92 N.M. 320, 587 P.2d 973 (Ct.App.1978); and *State v. Lucero,* 87 N.M. 242, 531 P.2d 1215 (Ct.App.1975). Nothing in defendant's brief would lead us to a different conclusion.

3. Defendant advises that the time for taking an appeal was tolled because the trial court did not inform the defendant at sentencing of his right to appeal. N.M.R. Crim.P. 54, N.M.S.A.1978 (1980 Repl. Pamph.).

The judgment and sentence was entered on November 16, 1981. Habitual proceedings followed; defendant was adjudicated an habitual criminal and sentenced accordingly on March 31, 1982. During the habitual proceedings, an appeal bond was discussed, but defendant was not advised of his right to appeal. On April 5, 1982, defendant timely filed a notice of appeal from the habitual sentence, submitting his docketing statement within the time allowed. The appeal on the habitual conviction proceeded to decision on October 26, 1982.

After the transcript was designated in the habitual appeal, defendant filed a notice of appeal from the original conviction. The docketing statement thereafter represented that appeal time was tolled, and we assigned the case to a limited calendar, advising defendant of his burden to show jurisdiction. The court noted then, and again takes notice, that this is the second time this appealing attorney has delayed an appeal in reliance on N.M.R.Crim.P. 54. The accuracy of the factual recitation in the docketing statement was also questioned, the calendaring judge noting that the representations regarding tolling should be reviewed upon receipt of the transcript.

We now have before us the trial court record and a full transcript of the trial proceedings, excepting only the examination on voir dire and the opening and closing arguments of counsel. We are persuaded that Mr. Larsen, trial counsel for defendant, should be ordered to show cause why he should not be held in contempt for failing to take a timely appeal, and also for making inaccurate factual recitations in the docketing statement filed. See N.M.R. App.P. 205, N.M.S.A.1978. The inaccuracies were omissions. The docketing statement represented that the children's mother had testified:

1. that defendant smashed the oldest child's gun;
2. that he cut that child's shirt;
3. that he made two of the children eat soap;
4. that he made them drink from the commode; and
5. that one child vomited.

The docketing statement omitted to mention that:

1. the shirt cutting and the pillowcase slashing were done close to the children's bodies;
2. defendant told Bryan that he had to wear the mutilated shirt to school the next day;
3. there was a second incident of slashing the pillowcase and an order that the child had to sleep on that pillowcase;
4. defendant scattered the children's toys and clothes;
5. defendant made one child carry the toys to an outside trash receptacle, and ordered another to pick up, fold and put the clothing back into the drawers;
6. defendant stuffed the crotch of dirty underwear in the mouth of the oldest boy;
7. the children were forced to eat more food than was reasonable;
8. the toilet was full of sewage;
9. vomiting was forced by defendant and that the vomit contained blood.

The judgment and conviction are AFFIRMED.

Mr. Larsen is ORDERED to appear on February 7, 1983, at 10:30 a.m. in the Court of Appeals, and show cause why he should not be held in contempt for dereliction in his conduct as an officer of the court in timely prosecuting this appeal, and for material omissions in the docketing statement.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.