673 P.2d 1296

**In the Matter of Contempt of Court of Patricia PALAFOX and Richard Esper, Attorneys at Law.**

No. 15111.

Supreme Court of New Mexico.

Oct. 6, 1983.

OPINION

Ronnie Van White (White) was indicted in Dona Ana County, New Mexico, for drug related offenses. White retained Richard D. Esper (Esper), a member of the bar of Texas and some other jurisdictions, to represent him. Because Esper is not a member of the New Mexico Bar, he contacted Patricia L. Palafox (Palafox), a member of the New Mexico Bar, and requested her to associate with him in order for him to appear in New Mexico and represent White. Palafox agreed and entered a joint appearance in the case with Esper. However, at no time during the proceedings did Palafox appear in trial court with Esper, nor did the trial court require her to do so. Apparently, Palafox was never notified by either the trial court, the clerk, or Esper of any pretrial hearings or of the trial.

Thereafter, White was convicted and Esper advised him to obtain public defender

representation for his appeal because White had not paid Esper and could not afford retained counsel for his appeal. Neither Palafox nor Esper prepared the docketing statement for White's appeal, although Esper did make some attempts to assist the public defender.

NMSA 1978, Crim.P.Rule 53.1 (Cum.Supp. 1983) (emphasis added), provides in pertinent part:

(a) **Nonadmitted counsel.** [C]ounsel not admitted to practice law in New Mexico, but who are licensed to practice law and in good standing in another state or territory, may participate in proceedings before New Mexico courts *only* in association with counsel licensed to practice law and in good standing in New Mexico, who, *unless excused by the court, must be present in·person in all proceedings before the court.* New Mexico counsel must sign the first motion or pleading and New Mexico counsel's name and address must appear on all subsequent pleadings.

In addition, NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 205(b) (Spec. Supp.1983) provides:

(b) **Attorney responsible.** Trial counsel shall be responsible for preparing and filing the docketing statement unless relieved by order of the appellate court.

Both Esper and Palafox agree that they did not comply with Rule 53.1, although they argue that since the trial court did not require Palafox to appear or insist upon her name being on subsequent pleadings, they should not be held in contempt of court for failure to follow the Rules of Criminal Procedure. In addition, Esper and Palafox also agree that they did not comply with Rule 205(b) requiring trial counsel to prepare the docketing statement for White's appeal. Esper, however, argues that he should not be held in contempt of court for failure to comply with Rule 205(b) since he was not aware of it and he had been informed by the appellate public defender that he would prepare and file the docketing statement. We disagree with both arguments.

Both Rule 53.1 and Rule 205(b) are clear and unequivocal. Counsel is required to follow both rules. After hearing the explanations of counsel, we determine that both Palafox and Esper are in contempt of court for not complying with Rule 53.1 and Rule 205(b). *Cf. State v. Fulton,* 99 N.M. 348, 657 P.2d 1197 (Ct.App.1983).

While the Court commends both Esper and Palafox for their candor at the hearing before this Court, we feel compelled to impose a fine for willful failure to follow the rules.

Each counsel is ordered to pay a fine of $250.00 to the clerk of the Supreme Court within ten days.

IT IS SO ORDERED.
s/H. Vern Payne
s/William Federici
s/William Riordan
s/Harry E. Stowers

SOSA, J., concurs with the finding of contempt as to Esper, but disagrees with finding Palafox in contempt for the reason that NMSA 1978, Crim.P.Rule 52 provides "an attorney who *willfully* fails to observe the requirements of these rules ... may be held in contempt". Justice Sosa feels the record is devoid of a willful failure by Palafox to observe the rules.