681 P.2d 736

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Ronnie Van WHITE,**
**Defendant-Appellant.**

**No. 7324.**

Court of Appeals of New Mexico.

March 29, 1984.

Certiorari Denied April 27, 1984.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

HENDLEY, Judge.

Convicted of three counts of trafficking in cocaine and heroin and one count of possession of marijuana with intent to distribute contrary to NMSA 1978, Sections 30–31–20(A)(2) & (B)(1) and 30–31–22(A)(1)(a) (Repl.Pamp.1980), defendant appeals, contending 1) ineffective assistance of counsel, and 2) prosecutorial misconduct. Issues raised in the docketing statement and not argued on appeal are deemed abandoned. We affirm.

The case involved witnesses who testified to the surveillance of the defendant, supervision of "controlled buys" from defendant by paid narcotics informers, and a search of defendant's residence. There was extensive cross-examination of all witnesses.

## Ineffective Assistance of Counsel

■ Claims of ineffective assistance of counsel may be raised for the first time on appeal. *State v. Lucero*, 97 N.M. 346, 639 P.2d 1200 (Ct.App.1981).

The factual posture which gives rise to this claim is set forth in *In re Contempt of Court of Patricia Palafox and Richard Esper*, 100 N.M. 563, 673 P.2d 1296, 1297 (1983):

Ronnie Van White (White) was indicted in Dona Ana County, New Mexico, for drug related offenses. White retained Richard D. Esper (Esper), a member of the bar of Texas and some other jurisdictions, to represent him. Because Esper is not a member of the New Mexico Bar, he contacted Patricia L. Palafox (Palafox), a member of the New Mexico Bar, and requested her to associate with him in order for him to appear in New Mexico and represent White. Palafox agreed and entered a joint appearance in the case with Esper. However, at no time during the proceedings did Palafox appear in trial court with Esper, nor did the trial court require her to do so. Apparently, Palafox was never notified by either the trial court, the clerk, or Esper of any pre-trial hearings or of the trial.

Thereafter, White was convicted and Esper advised him to obtain public defender representation for his appeal because White had not paid Esper and could not afford retained counsel for his appeal. Neither Palafox nor Esper prepared the docketing statement for White's appeal, although Esper did make some attempts to assist the public defender.

NMSA 1978, Crim.P.Rule 53.1 (Cum. Supp.1983) (emphasis added), provides in pertinent part:

(a) **Nonadmitted counsel.** [C]ounsel not admitted to practice law in New Mexico, but who are licensed to practice law and in good standing in another state or territory, may participate in proceedings before New Mexico courts *only* in association with counsel licensed to practice law and in good standing in New Mexico, who, *unless excused by the court, must be present in person in all proceedings before the court.* New Mexico counsel must sign the first motion or pleading and New Mexico counsel's name and address must appear on all subsequent pleadings.

In addition, NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App. Rule 205(b) (Spec.Supp.1983) provides:

(b) **Attorney responsible.** Trial counsel shall be responsible for preparing and filing the docketing statement unless relieved by order of the appellate court.

Both Esper and Palafox agree that they did not comply with Rule 53.1, although they argue that since the trial court did not require Palafox to appear or insist upon her name being on subsequent pleadings, they should not be held in contempt of court for failure to follow the Rules of Criminal Procedure. In addition, Esper and Palafox also agree that they did not comply with Rule 205(b) requiring trial counsel to prepare the docketing statement for White's appeal. Esper, however, argues that he should not be held in contempt of court for failure to comply with Rule 205(b) since he was not aware of it and he had been informed by the appellate public defender that he would prepare and file the docketing statement. We disagree with both arguments.

Both Rule 53.1 and Rule 205(b) are clear and unequivocal. Counsel is required to follow both rules. After hearing the explanations of counsel, we determine that both Palafox and Esper are in contempt of court for not complying with Rule 53.1 and Rule 205(b). *Cf. State v.*

*Fulton,* 99 N.M. 348, 657 P.2d 1197 (Ct. App.1983).

While the Court commends both Esper and Palafox for their candor at the hearing before this Court, we feel compelled to impose a fine for willful failure to follow the rules.

Defendant does not assert that he was prejudiced by any particular misfeasance or nonfeasance at trial by his unlicensed attorney. Defendant argues that, under the circumstances of this case, his representation by Esper was per se ineffective.

The State argues that a per se rule should not be applied in this case. It states:

> The fact that local counsel did not attend the trial cannot in itself compel the conclusion that the defense was not conducted with the skill, judgment and diligence of a reasonably competent defense attorney. *State v. Orona,* 97 N.M. 232, 638 P.2d 1077 (1982). Having demonstrated neither Mr. Esper's incompetence nor prejudice to his defense, defendant's claim must fail.

In *Wilson v. People,* 652 P.2d 595 (Colo. 1982), the court was presented with the following question: "Is a criminal defendant's right to counsel violated where the accused unwittingly retains a representative for trial who is in all respects qualified to practice law in Colorado yet remains unlicensed due to the failure to take the mandatory oath for admission?" The court distinguished *People v. Felder,* 47 N.Y.2d 287, 391 N.E.2d 1274, 418 N.Y.S.2d 295 (1979), where the defendants in *Felder* were represented by a layman masquerading as a lawyer. In *Felder,* a harmless error argument was rejected. In *Wilson,* the "attorney" had graduated from an accredited law school and passed the Colorado bar exam. However, he had failed to take the mandatory oath for admission. The court held:

> In such circumstances, we conclude that the representation provided does not constitute a *per se* denial of the accused's right to counsel. Rather, the proper determination to be made is

whether fundamental principles of due process were denied as a result of the representation.

In *Wilson,* the court found no denial of due process rights and, thus, no prejudice.

In *Solina v. United States,* 709 F.2d 160 (2d Cir.1983), the court limited its decision to "situations where, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character . . . ." In analyzing the ineffectiveness of counsel claim, the court interpreted the Sixth Amendment to require "licensed" counsel. However, the court expressly stated that it does not intend that "any technical defect in the licensed status of a defendant's representative would amount to a violation of the Sixth Amendment."

In *United States v. Butler,* 504 F.2d 220 (D.C.Cir.1974), the court held that "[s]tanding alone, the mere fact of a trial attorney's nonmembership in the local bar is not necessarily sufficient to find that the right to effective counsel was breached." In *Butler,* there were several prejudicial considerations which the court listed in finding the defendant's trial counsel ineffective. Counsel had misrepresented his membership in the bar to the court, to his law firm, and to his clients; counsel had no previous trial experience; and counsel made significant errors at trial. Although the errors made at trial were tactical, those tactical errors became relevant when viewed in context with the other considerations.

Comparing *Butler* with the present case, Esper made no misrepresentations as to his bar membership status and he apparently had extensive trial experience. Defendant has pointed to no errors, tactical or otherwise.

In this case, no more than a mere "technical defect" can be found. Esper was a member of the Texas bar. He had tried criminal cases in both state and feder-

al courts outside the State of Texas. He retained local counsel, in Patricia Palafox. Defendant alleges no errors by counsel except that local counsel did not attend the trial, as required by NMSA 1978, Crim.P. Rule 53.1(a) (Cum.Supp.1983). Although local counsel was not excused from attending court proceedings in this case, under Rule 53.1, the trial court, in its discretion, could have excused Palafox from attending defendant's trial. This amounts to no more than a technical defect, absent any prejudicial considerations such as those found in *Butler*. There was no per se ineffective assistance of counsel in this case.

▆ Arthur Lee Williams, a paid police informant, testified on redirect examination that Esper had been his brother's attorney in another drug case. Defendant objected on relevancy grounds. An off-the-record bench conference was then held. The question of any conflict of interest was apparently not raised. The comment by Williams seemed spontaneous and not to have been elicited by the prosecutor. Nothing further is mentioned concerning Esper's representation of Williams' brother.

Defendant argues that his trial counsel was ineffective because Esper had a *potential* conflict of interest. Defendant points out that he realizes that he must demonstrate an *actual* conflict of interest adversely affecting his counsel's performance in order to sustain a claim of ineffective assistance of counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). However, defendant argues that the trial court's failure to conduct an inquiry into whether or not an actual conflict existed, "constituted a failure to protect Defendant's right to a fair trial and effective representation." Defendant argues further that any prejudice in this case should be presumed.

In the present case, there was nothing to indicate a conflict of interest. *See State v. Martinez*, 100 N.M. 532, 673 P.2d 509 (Ct. App.1983) (once a client becomes a former client, a lawyer is not barred forevermore from taking positions adverse to that client). There was no requirement that the trial court investigate a conflict of interest in this case.

### Prosecutorial Misconduct

Defendant complains that two lines of argument by the prosecutor, in her closing, were improper. In defendant's closing argument, defense counsel argued that he could not tell the jury that defendant is not guilty of a crime, considering all the marijuana that was found in defendant's possession. Defense counsel said he did not want to insult the jury's intelligence by arguing that they should acquit defendant of the marijuana charge. Defense counsel then asked the jury to return a verdict of guilty of the marijuana charge, but not guilty of the heroin and cocaine charges.

In rebuttal, the prosecutor began to argue that there is a defense strategy of making one concession, hoping to sway the jury. Defense counsel interrupted with an objection that the prosecutor's argument was "improper and outside the record." The objection was overruled. The prosecutor then continued her argument that it is a good strategy in public speaking to make concessions to something that is not favorable to your position, hoping that you have persuaded people with your veracity and frankness, in order to sway them to believe your other points.

▆ Counsel is entitled to a reasonable measure of latitude in closing remarks to a jury. *State v. Pace*, 80 N.M. 364, 456 P.2d 197 (1969). A trial court has wide discretion in dealing with and controlling counsel's argument to the jury, and there is no error absent an abuse of the court's discretion or prejudice to the defendant. *Pace*. The question presented on appeal with regard to improper comments by the prosecutor during closing argument is whether the comments served to deprive the defendant of a fair trial. *State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974). *See also State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980).

Defendant contends that the prosecutor's remarks were similar to those deemed improper in *Donnelly v. DeChristoforo*, 416

U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). There, the prosecutor said in closing: " 'They [the respondent and his counsel] said they hope that you find him not guilty. I quite frankly think that they hope that you find him guilty of something a little less than first-degree murder.' " In *DeChristoforo,* an admonishing instruction was deemed to have cured any error.

However, the remark here was very different. The prosecutor made no improper reference to matters outside the record. She was entitled to fairly respond to defense counsel's arguments. *State v. Montoya,* 95 N.M. 433, 622 P.2d 1053 (Ct. App.1981). Reference to defendant's defense as a strategy is within the latitudes allowable in closing argument. *Ruffino.* Even assuming the comment was improper, the defendant's failure to request an admonishing instruction forecloses review of that claim. *State v. Casteneda,* 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982).

Defendant also complains of a second argument made by the prosecutor in rebuttal closing. "The defense says that they wouldn't be clamoring on Artie Williams [paid police informant] if he were a credible person. Well, of course, they would. They have to have a defense. We wouldn't be here if there had been another * * * * " The defendant objected and requested a mistrial on the basis of improper prosecutorial argument. After a bench discussion off-the-record, defendant's objection was sustained. The prosecutor then continued her argument: "Ladies and gentlemen, what I wanted to say, basically, the defense is grasping at straws. They don't have much of a defense. They're making an argument. That's the defense attorney's job, is to make an argument. And, he made a good argument. * * * " The defendant objected again, and the jury was admonished to disregard the prosecutor's comment. The predicate for this rebuttal argument was the defendant's comments, in closing, questioning the credibility of the testimony of Williams. The prosecutor, herself, commented on credibility problems of the informants in her first closing comments.

Defendant argues that a prosecutor's argument which attacks defense counsel for taking a position or offering a defense of the accused is manifestly improper. *Anderson v. State,* 525 S.W.2d 20 (Tex.Cr. App.1975). In *Anderson,* the prosecutor went far afield in contrast to this case. In *Anderson,* the prosecutor asserted that defense counsel did not "have guts enough" to argue that his client was not guilty, implied that rules concerning argument were different for the prosecutor than for the defense, criticized defense counsel for making frivolous objections, and argued that defense counsel was trying to pull the wool over the jurors' eyes and was going to lie to the jury. There, the court held that a mistrial was the only remedy.

Defendant also argues that the prosecutor's argument was improper because she inserted her opinion as to the guilt of the accused. NMSA 1978, Code of Prof. Resp.R. 7–106(C)(4) (Repl.Pamp.1982). In context, this was not an opinion of the prosecutor. It was a fair comment in rebuttal to defendant's argument. *Montoya; Ruffino.*

Affirmed.

**IT IS SO ORDERED.**

NEAL and ALARID, JJ., concur.