This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                           NO.   30,718

**STEPHANIE BRITO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Stephanie Brito (Defendant) appeals from the judgment and sentence, convicting her of possession of a stolen credit card and two counts of fraudulent use of a credit card less than $250 in any six-month period. [RP 197-201] This Court has issued two calendar notices proposing summary affirmance. [Ct. App. File, CN1, CN2] Defendant's second memorandum in opposition continues to contend that her double jeopardy rights were violated and relies on her first memorandum with regard to her contentions on all other issues. [MIO1, MIO2] We have duly considered Defendant's first and second memoranda. Unpersuaded, however, we affirm Defendant's convictions.

## I. DISCUSSION

## A. Double Jeopardy

In her second memorandum, Defendant continues to argue that her conviction for two counts of fraudulent use of a credit card less than $250 in any six-month period violates double jeopardy. [MIO2 1-5] Defendant contends that this Court erred in relying on *State v. Salazar*, 98 N.M. 70, 71, 644 P.2d 1059, 1060 (Ct. App. 1982) because that case interpreted the statute prior to its amendment in 2006, and it relied on a different crime, fraudulent signing of credit cards. [MIO 2 1] We are not persuaded.

2

As we discussed in the second calendar notice, we generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77. However, where factual issues are intertwined with the double jeopardy analysis, the trial court's fact determinations are subject to a deferential substantial evidence standard of review. *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737.

Defendant analyzes this issue as a "unit of prosecution" double jeopardy question. [MIO 5] For "unit of prosecution" cases, "[t]he relevant inquiry is whether the [L]egislature intended punishment for the entire course of conduct or for each discrete act." *Swafford v. State*, 112 N.M. 3, 8, 810 P.2d 1223, 1228 (1991). To address legislative intent, for the first step "[i[f the statutory language spells out the unit of prosecution, then we follow the language, and the unit of prosecution inquiry is complete. *State v. Bernal*, 2006-NMSC-050, ¶ 14, 140 N.M. 644, 146 P.3d 289. "If the language is not clear, then we move to the second step, in which we determine whether a defendant's acts are separated by sufficient 'indicia of distinctiveness' to justify multiple punishments under the same statute." *Id.* ¶ 14.

Defendant contends the language of the statute clearly sets out the entire course of conduct as the unit of prosecution rather than each discrete act. [MIO 6] She

argues that since she used the credit card twice in one day, she is entitled to have one of her two convictions for the fraudulent use of a credit card be vacated. [Id.] We disagree.

In *Salazar*, we stated that "each use of another's credit card is punishable as a separate offense." 98 N.M. at 71, 644 P.2d at 1060. As Defendant notes, in *Salazar*, we were construing NMSA 1978, Section 30-16-33(A) holding that each use was punishable because "[t]he preceding statute, [NMSA 1978, Section 30-16-32], punishes each fraudulent signature[,]" and "[t]his indicates that the Legislature intended to punish each use of a credit card." *Salazar*, 98 N.M. at 71, 644 P.2d at 1060. We believe that this language in *Salazar* remains viable despite the recent amendment to Section 30-16-33(B). Indeed, the recent amendments to that section bring it in line with our statement about legislative intent in *Salazar*.

Prior to its amendment in 2006, Section 30-16-33(B) stated as follows:

> *If the value of all things of value obtained by any person from one or more merchants, an issuer or a participating party, in violation of this section*, exceeds three hundred dollars ($300) in any consecutive six[-]month[] period, then the offense of the violator is a third[-]degree felony.

*Salazar*, 98 N.M. at 70, 644 P.2d at 1059 (emphasis added) (internal quotation marks and citation omitted). The defendant in *Salazar* argued that he was unfairly exposed to a greater sentence under Section 30-16-33(A) than he could receive if he had

4

charged more items and been convicted under Section 30-16-33(B) as it stated at that time. *Salazar*, 98 N.M. at 70, 644 P.2d at 1059. Section 30-16-33(B) was substantially amended in 2006. Section 30-16-33(B) now states:

> Whoever commits fraudulent use of a credit card when the value of the property or service obtained is two hundred fifty dollars ($250) or less in any consecutive six-month period is guilty of a petty misdemeanor.

The prior language of Section 30-16-33(B) aggregated fraudulent credit card usage was that "[i]f the value of all things of value obtained by any person from one or more merchants . . . exceeds three hundred dollars ($300) in any consecutive six[-]month[] period," one penalty applies. In 2006, this language was deleted. The new language refers to "the property or service" in the singular, meaning each fraudulent use under $250 in any consecutive six-month period is a crime. *Id.* This is also in keeping with *Salazar*'s holding with regard to Section 30-16-33(A) that "each use of another's credit card is punishable as a separate offense." 98 N.M. at 71, 644 P.2d at 1060.

Here, Defendant used the credit card twice in one day, each time to purchase property or services less than $250. [MIO 6] We hold that Defendant was appropriately charged and convicted of two counts of fraudulent use of a credit card.

**B.     Other Issues on Appeal**

5

Defendant's second memorandum does not point out errors in the facts or legal authority relied upon by this Court in the second calendar notice with regard to the other issues raised on appeal.

**III.    CONCLUSION**

We affirm the district court on these issues for the reasons set forth in the second calendar notice.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**