This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BYZ ENTERPRISES, LLC,**
**assignee of Zions Credit Corporation,**
**substituted Plaintiff for**
**ZIONS CREDIT CORPORATION,**

Plaintiff/Counterdefendant-Appellee,

v.                                                              NO. 34,241

**DUSTY ERVEN d/b/a ERVEN**
**ENTERPRISES,**

Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Rhodes & Salmon, P.C.
Mark M. Rhodes
Albuquerque, NM

for Appellee

Dusty Erven
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} Defendant/Counterclaimant Dusty Erven (Mr. Erven), in a self-represented capacity, appeals from the district court's orders consolidating cases and granting summary judgment in both cases in favor of Plaintiff/Counterdefendant BYZ Enterprises, LLC (BYZ). This Court issued a calendar notice proposing to affirm. Mr. Erven has filed a memorandum in opposition, which we duly considered.[1] Unpersuaded, we affirm.

{2} In this Court's calendar notice, we noted that "[t]o preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). [CN 3] We pointed out that Mr. Erven neither objected to consolidation of the cases, nor filed a motion to reconsider below. In response, Mr. Erven argues that his due process

---

[1] We note that BYZ filed a response to Mr. Erven's memorandum in opposition. Because such responses are not permitted by our rules, we did not consider it. *See* Rule 12-210(b) NMRA.

2

rights were violated when the cases were consolidated without a hearing and that the claims were improperly consolidated. [MIO 2] Mr. Erven does not, however, cite to the record to demonstrate how the issue was preserved or provide any explanation or authority showing how the district court's consolidation without a hearing amounts to a due process violation. *See In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation); *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that this Court will not consider propositions that are unsupported by citation to authority). Therefore, we decline to address Mr. Erven's contention that the cases were improperly consolidated.

{3} In addressing Mr. Erven's challenge to the order granting summary judgment in favor of Plaintiff, we explained that "[s]ummary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "[T]he party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (internal quotation marks and citations omitted).

{4}     In his memorandum in opposition, Mr. Erven again argues that an unsigned, draft of a settlement agreement sent to him by BYZ's attorney and attached to Mr. Erven's response to BYZ's motion for summary judgment [RP 300–11] raises a genuine issue of material fact as to the existence of a valid, enforceable settlement agreement. [MIO 3] Mr. Erven asserts that the settlement agreement need not include every potential provision it could contain to be enforceable. [MIO 3] However, Mr. Erven does not show how the existence of a draft settlement agreement upon which neither party had agreed raises a genuine issue of material fact that the parties had entered into a valid, enforceable settlement agreement and that BYZ was not entitled to judgment as a matter of law, nor does he cite any authority in which a draft settlement agreement was construed as enforceable. This Court will not consider propositions that are unsupported by citation to authority. *See ITT Educ. Servs.*, 1998-NMCA-078, ¶ 10. Moreover, we note that Mr. Erven's contention on appeal that an enforceable settlement agreement exists between the parties is in direct conflict with his answer below, in which he states he has "attempted to negotiate a dispute settlement. . . for over two years to no avail." [RP 149] We note that inaccurate factual statements or omissions in a docketing statement are grounds for contempt and we caution Mr. Erven to exercise candor in any further dealings with this Court. *See State v. Fulton*, 1983-NMCA-010, ¶ 13, 99 N.M. 348, 657 P.2d 1197 (holding that an

4

untimely appeal and inaccurate factual assertions in the docketing statement that amounted to omissions were grounds for an order to show cause). Accordingly, we conclude that Mr. Erven has failed to demonstrate the district court's order was erroneously granted.

{5}     We next address a second appeal that Mr. Erven filed, Case No. 34,435 (Case #2), which is also based on district court Case No. D-202-2012-09749. We note that the first two issues raised in the docketing statement in Case #2 are identical to the issues raised in this appeal. Mr. Erven raises two additional issues in Case #2: (1) whether the trial court erred in allowing BYZ to file its complaint in the present case, and (2) whether the trial court erred in setting a supersedeas bond. Because these matters should have been filed in this pending appeal, rather than in a second appeal, these matters have been transferred from Case #2 to this case, and Case #2 has been closed.

{6}     We construe Mr. Erven's first issue in Case #2 as a motion to amend the docketing statement in the present case pursuant to Rule 12-208(E) NMRA. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v.*

*Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. For the reasons that follow, we deny Mr. Erven's motion to amend the docketing statement on the ground that the issues raised are not viable appellate issues.

**{7}** We understand Mr. Erven's first issue in Case #2 to argue that the district court erred in allowing BYZ to file its complaint in the present case based on rulings Mr. Erven asserts were made in a separate district court case that is not the subject of either this case or Case #2. "Matters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted). Because the issues Mr. Erven raises are outside the record of this case and present no issue for review, we conclude his motion to amend is not viable. Therefore, his motion to amend the docketing statement is denied.

**{8}** We construe Mr. Erven's second issue in Case #2, which seeks review of the supersedeas bond set by the district court, as a motion pursuant to Rule 12-207 NMRA, which provides that "[a] motion for review of the district court's action may be made to the appellate court . . ." Because, we affirm the district court's consolidation of the cases and summary judgment in favor or BYZ, Mr. Erven's motion to review the supersedeas bond is denied as moot. *See State v. Favela*, 2013-

NMCA-102, ¶ 13, 311 P.3d 1213 ("[A] reviewing court generally does not decide academic or moot questions[.]" (internal quotation marks and citation omitted)).

{9}     Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**M. MONICA ZAMORA, Judge**