**Mark S. RIZZUTO, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 21, 1979.

Decided Oct. 3, 1979.

Howard F. Hillis, Asst. Public Defender, Wilmington, for defendant-appellant.

Norman A. Barron, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before McNEILLY, QUILLEN and HORSEY, Justices.

PER CURIAM:

The only issue raised on appeal relates to the defendant's conviction of rape in the first degree.[1] The defendant argues that it was error for the Trial Judge to fail to define "sexual contact" in his charge to the jury. The Court properly charged that

---

1. Rape under our statutory law is of two degrees. The statutory provisions, 11 *Del.C.* §§ 763 and 764, read as follows:

"§ 763. Rape in the second degree; class B felony.

"A male is guilty of rape in the second degree when he intentionally engages in sexual intercourse with a female without her consent. "Rape in the second degree is a class B felony." "§ 764. Rape in the first degree; class A felony.

the State had to prove beyond a reasonable doubt the required element of rape in the first degree that the victim had not previously permitted the defendant sexual contact. The undisputed evidence showed no previous sexual contact.[2] The issues at the trial were consent and voluntary social companionship. While it may be the better practice to define every necessary element upon which the State has the burden of proof, the phrase "sexual contact" has generally a common and ordinary meaning which is tracked in the statute.[3] Moreover, under the evidence in the case, the failure to further define "sexual contact" was harmless beyond any doubt.

The judgment of the Superior Court is affirmed.

"A male is guilty of rape in the first degree when he intentionally engages in sexual intercourse with a female without her consent, and
"(1) In the course of the offense he inflicts serious physical, mental or emotional injury upon the victim, or
"(2) The victim was not the defendant's voluntary social companion on the occasion of the crime and had not previously permitted him sexual contact.
"Rape in the first degree is a class A felony."

2. The parties met on the day of the incident in question. The victim testified that no previous sexual contact had been permitted and the defendant's testimony disclosed no previous sexual contact and his surprise at being invited to the victim's bedroom.

3. " 'Sexual contact' means any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire of either party." 11 *Del.C.* § 773(d).