808 P.2d 319

**The STATE of Arizona,**
**Appellant/Cross–Appellee,**

v.

**Antonio GIORGIANI,**
**Appellee/Cross–Appellant.**

**No. 2 CA–CR 90–0694.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 8, 1990.

Review Denied April 23, 1991. *

---

* Gordon, C.J., and Feldman, V.C.J., of the Supreme Court, voted to grant review as to Issue No. 4.

Frederick S. Dean, City Atty. by R. William Call and William F. Mills, Tucson, for appellant/cross-appellee.

Clinton L. Liechty, P.C. by Clinton L. Liechty, Tucson, for appellee/cross-appellant.

## OPINION

LACAGNINA, Judge.

The State of Arizona appeals from a judgment declaring Sections 11–17 and 11–18 of the Tucson City Ordinance unconstitutionally vague and discriminatory. The state argues that persons of average intelligence can understand the ordinance and that it was applied equally to those within the same classification. We agree and reverse the judgment of the trial court. We have jurisdiction pursuant to A.R.S. § 12–120.21(A)(4).

## FACTS

Antonio Giorgiani, the owner of Greasy Tony's, a submarine sandwich shop, was cited for fourteen violations of Tucson City Ordinance §§ 11–17 and 11–18, which prohibit loitering on the premises of a licensed liquor establishment, as defined in A.R.S. § 4–209(B)(6), (7), (8) and (14), between the hours of 1:15 a.m. and 6:00 a.m.[1] Giorgiani was serving food to customers. He possesses a Class 7 liquor license, which is "a beer and wine bar license ... an on-sale retailer's license to sell beer and wine by individual portions and in the original containers." A.R.S. § 4–209(B)(7). The ordinance parallels A.R.S. §§ 4–244(15) and (17), in effect at the time Giorgiani was cited, which prohibit any on-sale retail licensee from selling spirituous liquors or allowing it to be consumed on the premises during designated hours. Specifically exempted from the ordinance are those li-

---

1. The Ordinance sections provide as follows:

    Sec. 11–17. Drinking establishments—Loitering in, frequenting during hours closed.

    It shall be unlawful for any person other than a licensee or an employee of the licensee engaged in job-related activity to be present on the premises of licensed liquor establishments as defined in A.R.S. section 4–209.B(6), (7), (8) or (14) or subsequent definition of such establishments by state law between the hours of 1:15 a.m. and 6:00 a.m. of any weekday or Saturday or between 1:15 a.m. and 10:00 o'clock on Sunday. It shall be an affirmative defense for a licensee or an employee of the licensee to allow an intoxicated person to remain on the premises for a period of time not to exceed thirty (30) minutes after the state of intoxication is known or should be known to the licensee in order that a nonintoxicated person may transport the intoxicated person from the premises.

    Sec. 11–18. Same—Allowing frequenting during hours closed.

    It shall be unlawful for any person owning, operating, managing or employed in any of the places designated in section 11–17 to allow any person of the general public to be present at such places between the hours designated in section 11–17. It shall be an affirmative defense for a licensee or an employee of the licensee to allow an intoxicated person to remain on the premises for a period of time not to exceed thirty (30) minutes after the state of intoxication is known or should be known to the licensee in order that a nonintoxicated person may transport the intoxicated person from the premises.

censed liquor establishments that possess a restaurant license and establishments such as convenience markets that possess a liquor store license. *See* A.R.S. §§ 4–209(B)(9) and (12).

## PROCEDURAL HISTORY

In addition to the charges of violation of the ordinance, Giorgiani also had several "failure to appear" charges connected with the case. Giorgiani was convicted in city court and appealed to superior court. The trial court agreed with Giorgiani that the ordinance was vague and discriminatory. It found that the ordinance sections did not put him on notice that his establishment, "which is not designed primarily as a drinking place, would nevertheless be restricted in the same manner as such businesses." The court also found that the titles "drinking establishment" and "licensed liquor establishment" did not apply to his business.

In addition, the trial court found the ordinance discriminatory because "it irrationally discriminates between Greasy Tony's and other businesses which sell intoxicating beverages and are nevertheless not prohibited from remaining open after-hours." The court found "no logical reason why Greasy Tony's cannot remain open after 1:15 a.m. while Circle K and restaurants such as the Tack Room can." The court also found that the fact that Giorgiani could obtain a restaurant license, which would allow him to serve food after 1:00 a.m., begged the question because "[t]he answer to a claim of discrimination cannot be that one can avoid the discrimination by getting a different sort of license." The state appeals from that ruling dismissing the "person on the premises after hours" charges. Giorgiani cross-appeals from the judgment, arguing that the "failure to appear" charges should have been dismissed as part of the trial court's order.

## VAGUENESS

■ First, we disagree with the trial court that the ordinance is vague. A person of ordinary intelligence reading § 11–17 would know that a licensee of a licensed liquor establishment as defined by A.R.S. § 4–209(B)(7) (a beer and wine licensee) must prevent loitering during desig-

nated hours, as provided in § 11–18. Giorgiani, as a licensee who possessed a Class 7 liquor license, was on notice that he could not serve food after 1:00 a.m. *State ex rel. Hamilton v. Superior Court,* 128 Ariz. 184, 624 P.2d 862 (1981). Because the language is not ambiguous, it is irrelevant whether Giorgiani thought the title "licensed liquor establishment" did not apply to him because his business was primarily designed for the consumption of food and not alcohol. *State v. Barnett,* 142 Ariz. 592, 691 P.2d 683 (1984); *City of Scottsdale v. Municipal Court,* 90 Ariz. 393, 368 P.2d 637 (1962).

## DISCRIMINATORY APPLICATION

■ We also disagree that the ordinance, as applied, discriminates against Giorgiani in a manner that violates his right to equal protection under the law. Under A.R.S. § 4–209 the state has categorized various types of liquor licenses, distinguishing between, among other things, on-premises consumption and off-premises consumption. Giorgiani does not dispute the validity of this distinction.

In addition, the city, in choosing from among these valid categories of liquor licenses those to which the ordinance will apply, is not, as Giorgiani suggests, giving preferential treatment to the "finer" restaurants, but rather making a distinction between a beer and wine bar, which is the license Giorgiani possesses for Greasy Tony's, and a restaurant. Allowing a liquor establishment to remain open after 1:00 a.m. may cause problems which the city, in the exercise of its police power, has the right to control. *State ex rel. DeConcini v. Gatewood,* 10 Ariz.App. 274, 458 P.2d 368 (1969). However, the city could rationally conclude that allowing a convenience market or restaurant to remain open would not cause the same problems, because they are primarily designed not for on-site consumption of alcohol but for the sale of food.

We disagree with the trial court that the state's suggestion that Greasy Tony's apply for a restaurant license begs the question. The state is correct that it could no more force Greasy Tony's to apply for a particular license than it could make Gior-

giani serve spirituous liquors if it were licensed as a Class 12 restaurant. It could also not force him to serve food as a Class 7 licensee. However, the state has the right to require that a licensee comply with the requirements of its particular liquor license. Giorgiani's claim of discrimination is not based upon the ordinance itself, but upon the type of license he has voluntarily applied for and uses for Greasy Tony's. Therefore, his unfavorable treatment ceases if he applies for the proper liquor license. The city, however, is not required or even permitted to allow Giorgiani to enjoy the privileges of a restaurant license without obtaining one. The state controls the type of liquor license allowed for a particular establishment; the city's incorporation of that classification system into its ordinance was proper and not discriminatory.

In light of our decision reversing the trial court's judgment, we need not discuss the issues raised in Giorgiani's cross-appeal.

Reversed.

LIVERMORE, P.J., and HOWARD, J., concur.