NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

DANIEL SALAS LUJAN, *Appellant*.

No. 1 CA-CR 22-0010
FILED 7-20-2023

---

Appeal from the Superior Court in Maricopa County
No. CR2019-129194-001
The Honorable Eartha K. Washington, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane L. Hunt
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

---

**P A T O N**, Judge:

¶1        Daniel Salas Lujan appeals his convictions for criminal trespass and resisting arrest.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        One night in June 2019, employees at Monroe Bar, located on the first floor of the U.S. Bank Tower building, called building security and reported that Lujan "was sticking around the bar when he wasn't wanted" and was "refusing to leave."  A security guard approached Lujan and asked him to leave, but Lujan refused and insisted he owned the building.  The security guard confirmed that Lujan did not own the building before calling the police and asking them to escort Lujan from the building.  When police arrived, Lujan told them he was not "willing to leave the premises peacefully" and resisted the officers' efforts to detain him for trespassing.

¶3        A jury convicted Lujan of criminal trespass and resisting arrest.  Lujan timely appeals.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Section 13-4033(A)(1).

## DISCUSSION

I.        **The superior court did not err by denying Lujan's motion for a directed verdict on his criminal trespass charge.**

¶4        Lujan argues the superior court erred by denying his motion for a directed verdict on the criminal trespass charge because the State presented no evidence that the security guard who asked Lujan to leave the building had "lawful control" over the building as required by Section 13-1502.

¶5        After the close of evidence in a criminal trial, the superior court "must enter a judgment of acquittal on any offense charged" unless there is "substantial evidence to support a conviction." Ariz. R. Crim. P.

20(a)(1). We review de novo whether substantial evidence existed to support a conviction, viewing the facts in the light most favorable to supporting the verdict. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Evidence may be direct or circumstantial, and if reasonable minds can differ on the inferences to be drawn from the evidence, "the case must be submitted to the jury" and the court "has no discretion to enter a judgment of acquittal." *State v. Landrigan*, 176 Ariz. 1, 4 (1993).

¶6 "A person commits criminal trespass in the third degree by[] [k]nowingly entering or remaining unlawfully on any real property after a reasonable request to leave by a law enforcement officer, the owner or any other person having lawful control over such property, or reasonable notice prohibiting entry." A.R.S. § 13-1502(A)(1).

¶7 The State presented sufficient evidence that the security guard who requested Lujan leave the building had "lawful control" over the building, as the criminal trespass statute requires. The security guard testified that he worked at the U.S. Bank Tower and his job was to "secure the building[.]" He testified that bar employees told him that Lujan "needed to leave." He also testified that he asked Lujan to leave the building more than fifteen times and that Lujan "refused" each time. This evidence was sufficient for a jury to find that Lujan stayed in the building despite being told to leave by a person with lawful control over the property. Thus, substantial evidence supported the trespass conviction, and the court did not err by denying Lujan's Rule 20(a) motion.

## II. The superior court did not commit prejudicial, fundamental error by not defining "enter or remain unlawfully" in the jury instructions for criminal trespass.

¶8 Lujan argues the superior court erred by failing to instruct the jury on the statutory definition of "enter or remain unlawfully" as it relates to criminal trespass. Because Lujan failed to object to the jury instructions at trial, we review only for fundamental error. *See State v. Velazquez*, 216 Ariz. 300, 309–10, ¶ 37 (2007).

¶9 Arizona Rule of Criminal Procedure 21.3(b) provides that "[a]ny objection to the court's giving or failing to give any instruction or a portion of an instruction . . . must be made before the jury retires to consider its verdict" and "[t]he objection must be on the record and distinctly state the matter to which the party objects and the grounds for the objection."

¶10 At trial, Lujan and the State both proposed jury instructions, but only the State requested an instruction on the statutory definition of

"enter or remain unlawfully." Lujan only asked the court to instruct the jury on the definitions of "knowingly" and of "aggravated assault." The court adopted Lujan's proposal and instructed the jury, in relevant part, that "the crime of criminal trespass means a person knowingly did enter or remain unlawfully in or on the non-residential structure of another." The court did not include the statutory definition of "enter or remain unlawfully."

¶11        Our supreme court has held that superior courts "do not commit fundamental error" by failing to provide the jury with the "definitions of words whose legal and ordinary meanings overlap." *See State v. Harris*, 151 Ariz. 236, 238–39 (1986); *State v. Barnett*, 142 Ariz. 592, 594–95 (1984) (holding that superior court did not commit fundamental error by not sua sponte defining "intentionally" as used in jury instructions because the statutory definition and "ordinary definition" of the term are "essentially the same.").

¶12        The statutory definition of "enter or remain unlawfully" is essentially the same as the phrase's ordinary meaning. Indeed, Section 13-1501 provides that a person's entry into a structure is unlawful when his "intent" for entering or remaining is "not licensed, authorized or otherwise privileged." *See also* Rev. Ariz. Jury Instr. ("RAJI") Stat. Crim. 15.01(2) (4th ed. 2016) (providing statutory definition for "enter or remain unlawfully"). "Unlawful" is defined as "illegal: not according to or authorized by law; not sanctioned by official rules." *Unlawful* and *Illegal,* Merriam-Webster's Collegiate Dictionary (11th ed. 2020). Accordingly, even if the superior court erred by failing to define "enter or remain unlawfully," the error was not fundamental because the statutory definition unlawful overlaps with the term's common meaning. We find no prejudicial, fundamental error.

## CONCLUSION

¶13        We affirm.

